## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (BLS) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF THE FEE LETTER RELATING TO THE DIP FACILITIES

Mattress Firm, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") submit this motion (this "Motion"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to file under seal that certain DIP Financing Fee Letter (the "Fee Letter") related to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Secured Financing Pursuant to Section 364 of Bankruptcy Code and (B) Utilize Cash Collateral; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Granting Adequate Protection; (IV) Modifying Automatic*

---

[1] The last four digits of Mattress Firm, Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq.com/MattressFirm or by contacting counsel for the Debtors.

*Stay; (V) Scheduling Final Hearing; and (VI) Granting Related Relief* (the "DIP Motion"),[2] filed contemporaneously herewith.[3]   In support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.    On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The statutory and legal predicates for the relief sought herein are sections 105(a)

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion.

[3] The Fee Letter is attached as Exhibit B to the DIP Motion.

and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## THE DEBTORS' PREPACKAGED PLAN OF REORGANIZATION

5.      Concurrently with this Motion, the Debtors have filed a joint prepackaged chapter 11 plan of reorganization (the "Plan") and a related disclosure statement (the "Disclosure Statement").  The Debtors have also filed a motion to schedule a combined hearing for the Court to consider approval of the Disclosure Statement and confirmation of the Plan.  All classes of claims against the Debtors are unimpaired under the Plan.

## BACKGROUND OF THE DEBTORS

6.      Additional information regarding the Debtors' business, capital structure and the circumstances preceding the Petition Date are set forth in the First Day Declaration.

## RELIEF REQUESTED

7.      By this Motion, the Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to file the Fee Letter under seal and directing that it remain under seal, confidential, and not be made available to anyone; *provided*, *however*, the Fee Letter shall be provided on a confidential basis to the Court and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

## BASIS FOR RELIEF

8.      Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U.S.C. § 105(a).  Section 107(b) provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This section provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may –

> protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b) (emphasis added).  Importantly, once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), the court "is required to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994).  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." Id.  Further, commercial information need not rise to the level of a trade secret to be protected under section 107(b).  In re Orion Pictures Corp., 21 F.3d at 28.  A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." Id.

9.     Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

10.    Pursuant to the DIP Motion, the Debtors are seeking authority to enter into the DIP Agreements and to borrow under the DIP Facilities.  Pursuant to the Fee Letter, the Debtors must pay the DIP Agents an arrangement fee and certain administration fees as consideration for the DIP Agents' assistance in organizing the lender commitments under the DIP Agreements.  By its terms, the Fee Letter requires the Debtors to keep the description of fees contained therein

confidential.

11.    The Debtors submit that the information contained in the Fee Letter falls well within the scope of confidential information that may be protected pursuant to section 107(b)(1). Specifically, the descriptions of fees set forth in the Fee Letter constitute proprietary information not typically disclosed to the public or to competing financial institutions.  In light of the highly competitive nature of the investment banking and finance lending industries, it is of critical importance to the DIP Agents that the details of the fee structure set forth in the Fee Letter be kept confidential so that its competitors may not use the information contained therein to gain a strategic advantage over the lenders in the marketplace.  Thus, in accordance with the terms of the Fee Letter, the Debtors respectfully request that the Court enter an order to prevent the contents of the Fee Letter from becoming publicly available.

12.    "Commercial information is information which would give a competitor an unfair advantage." In re Handy Andy Home Improvement Ctrs., Inc., 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996). See also Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 697 (D. Nev. 1994) ("Confidential commercial information is information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained.").  Courts in this jurisdiction have previously determined that certain documents entered into in connection with post-petition and/or exit financing, such as fee or expense letters, qualify as "confidential commercial information" within the meaning of section 107(b) of the and have authorized the filing of such documents under seal.  See, e.g., In re Southeastern Grocers, LLC, Case No. 18-10700 (MFW) (Bankr. D. Del. Apr. 9, 2018); In re Energy Future Holdings, Corp., Case No. 14-10979 (CSS) (Bank. D. Del. June 23, 2017); In re Tuscany Int'l Holdings (U.S.A.) Ltd., Case No. 14-10193 (Bankr. D. Del. Feb. 4, 2014); In re OnCure

Holdings, Inc., Case No. 13-11540 (Bankr. D. Del. June 18, 2013).

13.    To ensure that the key constituencies in these cases receive adequate disclosure, the Debtors intend to provide the Fee Letter to the Court, the U.S. Trustee, any Committee appointed in these chapter 11 cases, and the Committee's legal and financial advisors; *provided*, *however*, that the foregoing parties shall maintain the Fee Letter as strictly confidential.  The Debtors submit that such disclosure will provide sufficient safeguards to ensure that the relief requested in this Motion will not adversely affect the interests of any parties in interest to these chapter 11 cases.

## NOTICE

14.    Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to the DIP Agents; (iv) counsel to the Prepetition ABL Agent; (v) counsel to the Prepetition Term Loan Lender; (vi) counsel to Steinhoff International Holdings N.V ; (vii) counsel to the exit term loan financing backstop group (the "Backstop Group"); (viii) the United States Attorney's Office for the District of Delaware; (ix) the Internal Revenue Service; (x) the United States Department of Justice; and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

Dated:  October 5, 2018
Wilmington, Delaware

SIDLEY AUSTIN LLP
Bojan Guzina
Matthew E. Linder
Blair M. Warner
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

SIDLEY AUSTIN LLP
Gabriel R. MacConaill (No. 4734)
Michael Fishel
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ashley E. Jacobs*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Ashley E. Jacobs (No. 5635)
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (BLS) |
| Debtors. | (Jointly Administered) |
|  | Ref. Docket No. __ |

**ORDER AUTHORIZING THE FILING UNDER SEAL**
**OF THE FEE LETTER RELATING TO THE DIP FACILITIES**

Upon the motion ("Motion")[2] of Mattress Firm, Inc. and its affiliated debtors and debtors

in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of

an order (this "Order"), authorizing the Debtors to file the Fee Letter under seal; and upon

consideration of the First Day Declaration; and the Court being able to issue a final order

consistent with Article III of the United States Constitution; and venue of this proceeding and the

Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the

opportunity for a hearing on the Motion having been given and it appearing that no other or

further notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court; and all

objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief

requested in the Motion being in the best interests of the Debtors' estates, their creditors and

---

[1] The last four digits of Mattress Firm, Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq.com/MattressFirm or by contacting counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

other parties in interest; and this Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Debtors shall file the Fee Letter under seal and provide copies of the Fee

Letter to the Court, the Clerk of the Court and the U.S. Trustee.

3.      The Fee Letter shall be kept under seal and shall not be unsealed, disclosed, or

further disseminated except upon further order of this Court.

4.      Any party who receives the Fee Letter in accordance with this Order shall not

disclose or otherwise disseminate such Fee Letter, or the information contained therein, to any

other person or entity and shall keep the Fee Letter and the information contained therein strictly

confidential.

5.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

6.      The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

7.      This Court shall retain exclusive jurisdiction to hear and determine all matters

arising from or related to the implementation of this Order.

Dated: _____, 2018          _____
Wilmington, Delaware                        UNITED STATES BANKRUPTCY JUDGE

2

01:23701195.1