**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (CSS) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY
OF AN ORDER (I) AUTHORIZING DEBTORS TO (A) REJECT
CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY AND (B) ABANDON CERTAIN PERSONAL PROPERTY
IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF**

> **LANDLORDS RECEIVING THIS MOTION SHOULD LOCATE
> THEIR NAMES AND LEASE(S) ON THE SCHEDULE OF LEASES
> ATTACHED HERETO AS  SCHEDULE 1 TO EXHIBIT A**

Mattress Firm, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") submit this motion (this "Motion"), pursuant to sections 105(a), 362(d), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to (a) reject certain unexpired leases (including any guarantees thereof and any amendments or modifications thereto or assignments or subleases thereof, collectively, the "Leases") of nonresidential real property located at the addresses of the Debtors' retail stores set forth on **Schedule 1** to **Exhibit A** attached hereto (collectively, the "Closing Stores"), and (b) abandon certain furniture, fixtures,

---

[1] The last four digits of Mattress Firm Inc.'s federal tax identification number are 6008.  The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025.  Due to the large number of Debtors in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq.com/MattressFirm or by contacting counsel for the Debtors.

equipment and other assets at the Closing Stores (collectively, the "Remaining Property"), each effective as of the Rejection Date (as defined below), and (ii) granting related relief.  In support of this Motion, the Debtors submit the *Declaration of Hendré Ackermann in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed contemporaneously herewith and incorporated by reference.  In further support of this Motion, the Debtors respectfully state as follows:

### STATUS OF THE CASES AND JURISDICTION

1.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Concurrently with the filing of this Motion, the Debtors have requested joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

01:23701043.1

2

4.     The statutory and other bases for the relief requested in this Motion are sections 105(a), 362(d), 365(a), and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007.

### THE DEBTORS' PREPACKAGED PLAN OF REORGANIZATION

5.     Concurrently with this Motion, the Debtors have filed a joint prepackaged chapter 11 plan of reorganization (the "Plan") and a related disclosure statement (the "Disclosure Statement").  The Debtors have also filed a motion to schedule a combined hearing for the Court to consider approval of the Disclosure Statement and confirmation of the Plan.  All classes of claims against the Debtors are unimpaired under the Plan.

### BACKGROUND OF THE DEBTORS

6.     Additional information regarding the Debtors' business, capital structure and the circumstances preceding the Petition Date are set forth in the First Day Declaration.

### THE LEASES

7.     As of the Petition Date, the Debtors operate approximately 3,230 retail stores in 49 states.[2]  As a key component of their restructuring strategy, the Debtors are engaged in ongoing efforts to optimize their retail network.  The Debtors, in consultation with their advisors, have analyzed store-level earnings, occupancy costs, and other data and identified certain stores that are underperforming or competing with other stores operated by the Debtors.  By this Motion, the Debtors, in their reasonable business judgment, are requesting authority to reject the Leases of 100 stores—i.e., the Closing Stores—as of October 31, 2018, which is the date by which the Debtors will have ceased operations at the Closing Stores, vacated and surrendered

---

[2] The Debtors' operations also include approximately 125 franchisee-operated stores in Alaska, Montana, New Mexico, North Dakota, South Dakota and West Virginia, as well as certain franchised markets in Georgia, Iowa, Mississippi, New York, Oklahoma, South Carolina and Texas, which also operate under the *Mattress Firm*® brand name.

possession of the Closing Stores, and delivered the keys to the Closing Stores to the respective landlords (such date, with respect to each Closing Store, the "Rejection Date").[3]

8.      The Leases provide no benefit to the Debtors' estates.  By rejecting the Leases, the Debtors will save approximately $1.4 million per month in rent and associated costs.  Absent rejection, the Debtors would be obligated to continue to pay rent under the Leases even though the Debtors will have ceased operations at, and will no longer continue in possession of, the Closing Stores.  Moreover, in addition to their obligations to pay rent under the Leases, the Debtors would also be obligated to pay certain real property taxes, utilities, insurance and similar charges.  The Debtors have determined in their business judgment that such costs constitute a waste of estate assets.  The cost of maintaining the Closing Stores outweighs any revenues that the Closing Stores currently generate or are likely to generate in the future.  Moreover, given the obligations under the Leases and current market conditions, the Debtors have concluded, in consultation with their advisors, that the Leases are not marketable and are unlikely to generate material value for the Debtors' estates.

## THE REMAINING PROPERTY

9.      In the ordinary course of business, the Debtors have accumulated certain miscellaneous assets at the Closing Stores, including certain furniture, fixtures, and equipment of *de minimis* value.  The Debtors generally will remove these assets from the Closing Stores and transport such assets to the Debtors' distribution centers or other stores.  The Debtors have determined, however, in the exercise of their business judgment, that certain of these assets will

---

[3] Concurrently with the filing of this Motion, the Debtors have filed the *Debtors' Second Omnibus Motion for Entry of an Order (I) Authorizing Debtors to (A) Reject Certain Unexpired Leases of Nonresidential Real Property and (B) Abandon Certain Personal Property in Connection Therewith and (II) Granting Related Relief* and the *Debtors' Third Omnibus Motion for Entry of an Order (I) Authorizing Debtors to (A) Reject Certain Unexpired Leases of Nonresidential Real Property and (B) Abandon Certain Personal Property in Connection Therewith and (II) Granting Related Relief* (together with this Motion, the "Omnibus Lease Rejection Motions"), and have listed the landlords' names alphabetically in accordance with Bankruptcy Rule 6006.

be exceedingly difficult or expensive to remove or store (the "Remaining Property").

Accordingly, the Debtors will not realize any economic benefit by retaining the Remaining

Property. Therefore, the Debtors are requesting authority to abandon any Remaining Property at

the Closing Stores.

## RELIEF REQUESTED

10.     By this Motion, the Debtors request entry of the Proposed Order, substantially in

the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to (a) reject the Leases set

forth on **Schedule 1** to **Exhibit A** attached hereto as of the Rejection Date and (b) abandon the

Remaining Property, each effective as of the Rejection Date and (ii) granting related relief. The

Debtors reserve all rights to modify the schedule of Leases, including by removing one or more

Leases from **Schedule 1**, without prejudice to their rights to reject such Leases at a later date.[4]

## BASIS FOR RELIEF

**I.     The Court Should Authorize the Rejection of the Leases under Section 365(a) of the Bankruptcy Code as a Reasonable Exercise of the Debtors' Business Judgment.**

11.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the

court's approval, may assume or reject any . . . executory contract or unexpired lease of the

debtor." 11 U.S.C. § 365(a). The purpose behind section 365(a) is "to permit the trustee or

debtor-in-possession to use valuable property of the estate and to renounce title to and abandon

burdensome property." In re Republic Airways Holdings Inc., 547 B.R. 578, 582 (Bankr.

S.D.N.Y. 2016) (quoting Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures

Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993)); see also Nat'l Labor Relations Bd. v. Bildisco &

---

[4] The Debtors may also request authority to reject additional leases if their efforts to renegotiate the terms of such leases are unsuccessful. The Debtors intend to file a *Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* (the "Rejection Procedures Motion"). If granted, the relief requested in the Rejection Procedures Motion would not apply to the Leases that are the subject of the Omnibus Lease Rejection Motions and would only apply to additional leases that the Debtors may request authority to reject, if any.

Bildisco (In re Bildisco), 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization."); In re Exide Techs., 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization").

12.     The standard applied by courts to determine whether the assumption or rejection of an unexpired nonresidential lease should be authorized is the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate.  See Grp. of Institutional Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R., 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected . . . is one of business judgment"); In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); accord In re HQ Glob. Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003).

13.     In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject leases.  See Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed. Mogul Global, Inc.), 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion"); In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.").

14.    The Debtors' rejection of the Leases is within the Debtors' business judgment and will serve the best interests of their estates.  As stated above, the Debtors are engaged in ongoing efforts to optimize their retail network and, in consultation with their advisors, have determined to cease operations at the Closing Stores.  See First Day Declaration § IV.C.1.  The Debtors are requesting authority to reject the Leases to avoid the incurrence of any additional, unnecessary administrative expenses in connection with the Closing Stores.  The Debtors have concluded that the cost of maintaining the Closing Stores outweighs any revenues that the Closing Stores currently generate or are likely to generate in the future, and that the costs associated with the Leases exceed any marginal benefits that could potentially be achieved from the assignment or sublease of the Leases.  See First Day Declaration § IV.C.1.  For the foregoing reasons, the Debtors believe that rejecting the Leases is a reasonable exercise of their business judgment and should be approved.

**II.    The Court Should Authorize the Debtors to Abandon the Remaining Property under Section 554(a) of the Bankruptcy Code.**

15.    Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  In abandoning property under section 554, "the debtor 'need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon."  In re Contract Research Solutions, Inc., Case No. 12-11004 (KJC), 2013 Bankr. LEXIS 1784, at *11 (Bankr. D. Del. May 1, 2013).  The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare.  See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot. 474 U.S. 494, 501 (1986).  Neither of these limitations is relevant under the instant facts.

16.    Any Remaining Property left at the Closing Stores is of inconsequential value to the Debtors' estates, and the cost to the Debtors of retrieving, storing, marketing, and reselling the Remaining Property will exceed any realistic economic benefit that might be realized by retaining such property.  Accordingly, the Debtors have determined, in the exercise of their sound business judgment, that their decision to abandon any Remaining Property will be in the best interests of the Debtors and their estates.

17.    To facilitate the Debtors' abandonment of the Remaining Property, the Debtors also request authorization under section 362(d) of the Bankruptcy Code, which permits a modification of the automatic stay for "cause," to the extent necessary to permit the relevant landlords to dispose of any Remaining Property without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors.

## RESERVATION OF RIGHTS

18.    Nothing contained in this motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to

this motion are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

### WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h) REQUIREMENTS

19.      In addition, by this Motion, the Debtors request a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As set forth above, the Debtors require immediate relief in the form of an order authorizing their rejection of the Leases as of the Rejection Date.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

20.      Similarly, for the reasons stated above, the Debtors request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent they are deemed applicable.

### NOTICE

21.      Notice of this Motion will be provided to (i) the landlords under the Leases; (ii) the U.S. Trustee; (iii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iv) counsel to the DIP Agents; (v) counsel to the Prepetition ABL Agent; (vi) counsel to the Prepetition Term Loan Lender; (vii) counsel to Steinhoff International Holdings N.V; (viii)counsel to the exit term loan financing backstop group; (ix) the United States Attorney's Office for the District of Delaware; (x) the Internal Revenue Service; (xi) the United States Department of Justice; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Although Bankruptcy Rule 6007 requires the Debtors to serve a motion to abandon property on, among other parties, all of the Debtors' creditors, Local

Rule 2002-1(b) abrogates that rule.  Accordingly, the Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and any further relief as the Court may deem just and proper.

Dated:  October 5, 2018
Wilmington, Delaware

SIDLEY AUSTIN LLP
Bojan Guzina
Matthew E. Linder
Blair M. Warner
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

SIDLEY AUSTIN LLP
Gabriel R. MacConaill (No. 4734)
Michael Fishel
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ashley E. Jacobs*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Ashley E. Jacobs (No. 5635)
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. __** |

### FIRST OMNIBUS ORDER (I) AUTHORIZING DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) ABANDON CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Mattress Firm, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to (a) reject the Leases set forth on **Schedule 1** attached hereto and (b) abandon the Remaining Property, each effective as of the Rejection Date and (ii) granting related relief, all as more fully set forth in the Motion; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having

---

[1] The last four digits of Mattress Firm, Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq.com/MattressFirm or by contacting counsel for the Debtors.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     The Debtors are authorized to reject the Leases set forth on the attached **Schedule 1**, effective as of the Rejection Date, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007.

3.     The Debtors are authorized, but not directed, to abandon any Remaining Property located at the Closing Stores subject to the Leases, in the Debtors' sole discretion, free and clear of all liens, claims, encumbrances and rights of third parties, with such abandonment being effective as of the Rejection Date.  The landlords under the Leases are authorized to dispose of any Remaining Property without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors.  The automatic stay is modified to the extent necessary to allow the disposition of any Remaining Property.

4.     Within two business days after entry of this Order, the Debtors shall serve a copy of this Order and the attached **Schedule 1** on the landlords under the Leases.

5.     The landlords under the Leases must file a proof of claim relating to the rejection of such Leases, if any, by 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Effective Date (as defined in the Plan).  Proofs of claim and instructions for submission may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq.com/MattressFirm.

01:23701043.1

6.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

7.     The Debtors do not waive any claims that they may have against any counterparty to the Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Leases.

8.     Nothing herein shall prejudice the rights of the Debtors to argue that any of the Closing Store Leases were terminated prior to the Petition Date; that any claim for damages arising from the rejection of the Closing Store Leases is limited to the remedies available under any applicable termination provision of such Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

9.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

01:23701043.1

10.     Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are waived by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     Notwithstanding anything to the contrary in this Order or the Motion, any payment, obligations, or other relief authorized by this Order shall be subject to the terms, conditions, and limitations contained in the orders of this Court approving the Debtors' entry into and performance under the debtor-in-possession financing documents and cash collateral use, including any budget in connection therewith.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2018
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

01:23701043.1

4

## Schedule 1

**Leases**

### Schedule 1[1]

| | COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|---|
| 1. | 10500 W. Colfax Ave, LLC<br>2085 South Holly Street<br>Denver, CO, 80222 | Mattress Firm, Inc. | 10460 West Colfax Ave,<br>Lakewood, CO 80215 |
| 2. | 1081 Washington Street, LLC<br>P.O. Box 920595<br>ATTN: Mike Sokolowski<br>Needham, MA, 02492 | Sleepy's, LLC | 1081 Washington Street,<br>Newton, MA 02465 |
| 3. | 131 Harbison Boulevard, LLC<br>c/o Biltmore Property Group<br>10 Brook St Suite 205<br>Asheville, NC, 28803 | Mattress Firm, Inc. | 131 Harbison Blvd., Ste 100,<br>Columbia, SC 29212 |
| 4. | 1630 Westchester Realty Co.<br>1250 E. Hallandale Beach Boulevard<br>Hallandale, FL, 33009 | Mattress Firm, Inc. | 3520 N Federal Highway,<br>Fort Lauderdale, FL 33308 |
| 5. | 183-620, LP<br>515 Congress Avenue, Suite 2325<br>Austin, TX, 78701 | Mattress Firm, Inc. | 13000 N FM 620 RD SB,<br>Cedar Park, TX 78613 |
| 6. | 205 Commerce, LLC<br>200 International Way<br>Springfield, OR, 97477 | The Sleep Train, Inc. | 11600 SE Mille Plan Blvd,<br>Suite 3D,<br>Vancouver, OR 98684 |
| 7. | 4826 Greenville LLC<br>4403 North Central Expressway, Suite 110<br>ATTN: Corey Duhon<br>Dallas, TX, 75205 | Mattress Firm, Inc. | 4826 Greenville Avenue,<br>Dallas, TX 75206 |
| 8. | 5048 Bayou Realty LLC<br>c/o Heitmat LP<br>173 Burnell Place<br>ATTN: Toni Reichmann<br>Davidson, NC, 28036 | Mattress Firm, Inc. | 5048 Bayou Blvd,<br>Pensacola, FL 32503 |
| 9. | 557 RT 130 IN EWT LLC<br>26 Copperdale Lane<br>Huntington, NY, 11743 | Sleepy's, LLC | 557 Route 130 North,<br>East Windsor, NJ 08520 |
| 10. | 570 Zang Street, LLC<br>200 Lipan Street<br>ATTN: Alvin Estevez<br>Fort Lauderdale, FL, 33308 | Mattress Firm, Inc. | 570 Zang St, Ste B,<br>Broomfield, CO 80021 |

[1] The inclusion of a Lease on this list does not constitute an admission as to the executory or non-executory nature of the Lease, or as to the existence or validity of any claims held by the counterparty or counterparties to such Lease.

| | COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|---|
| 11. | 575 BPR-Orange, Inc. d/b/a 575 Post Properties 17 South Main Street West Hartford, CT, 06107 | Sleepy's, LLC | 575 Boston Post Road Route 1, Orange, CT 06477 |
| 12. | 600 Broadway Apartments, LLC c/o Klein Enterprises 1777 Reiserstown Road, Suite 245 Baltimore, MD, 21208 | Mattress Discounters Operations LLC | 1625 Fleet Street, Baltimore, MD 21231 |
| 13. | 6610-6840 W. Kelloggs, LLC c/o Pan American Realty LLC 9515 Plaza Circle Drive El Paso, TX, 79927 | Mattress Firm, Inc. | 6836 West Kellogg, Wichita, KS 67209 |
| 14. | 700 Stratford Road Partners, LLC 121 N Crutchfield, St. ATTN: C. Patrick Crosby, Jr. Dobson, NC, 27017 | Sleepy's, LLC | 235 Harvey Street, Winston Salem, NC 27103 |
| 15. | 745 Route 46 Investors TIC II LLC & 745 Route 46 Investors TIC III LLC 166 Route 22 Attn: Bruce Jeffery North Plainfield, NJ, 07060 | Sleepy's, LLC | 745 Route 46, Parsippany, NJ 07054 |
| 16. | 7th & Greenwood, LLC 61370 Cultus Lake Court Bend, OR, 97702 | Sleepy's, LLC | 2504 Battleground Avenue, Greensboro, NC 27408 |
| 17. | 92-96 Sassco LLC 58-08 Myrtle Ave ATTN: Steven Sasso Ridgewood, NY, 11385 | Sleepy's, LLC | 92 Ferry Street, Newark, NJ 07105 |
| 18. | Aberdeen Marketplace, Inc. c/o Carl M. Freeman Companies 11 1 Rockville Pike, Suite 1100 ATTN: Louie Andrakakos Rockville, MD, 20850 | Sleepy's, LLC | 1016 Beards Hill Road Suite K, Aberdeen, MD 21001 |
| 19. | Aberfeldy Properties, Inc. c/o TIG Real Estate Services, Inc. 901 S. MoPac Expressway, Building 4, Suite 285 Austin, TX, 78746 | Mattress Firm, Inc. | 3200 W. Anderson Ln, Ste 101, Austin, TX 78757 - 1010 |
| 20. | Abrams Willowbrook I & II, LP c/o Gordon Partners Property Management 4900 Woodway Drive, Suite 1125 Houston, TX, 77056 | Mattress Firm, Inc. | 17689 Tomball Pkwy, Houston, TX 77064 |

| | COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|---|
| 21. | AGM Mayfair Plaza, LLC, AJM Mayfair Plaza, LLC & EJB Mayfair PLaza, LLC<br>234 Bennett Ave<br>ATTN: Augusto Mandara<br>Staten Island, NY, 10312 | Mattress Firm, Inc. | 4840 N Pulaski Road,<br>Chicago, IL 60630 |
| 22. | Alamance Crossing CMBS, LLC<br>c/o CBL & Associates Management, Inc.<br>2030 Hamilton Place Boulevard CBL Center, Suite 500<br>Chattanooga, TN, 37421 | Mattress Firm, Inc. | 1595 Glidewell Drive Suite 101,<br>Burlington, NC 27215 |
| 23. | Alamance Crossing CMBS, LLC<br>c/o CBL & Associates Management, Inc.<br>2030 Hamilton Place Boulevard CBL Center, Suite 500<br>Chattanooga, TN, 37421-6000 | Sleepy's, LLC | 3137 Waltham Blvd,<br>Burlington, NC 27215 |
| 24. | Alexion Properties<br>690 Braeburn Dr<br>ATTN: Dino Alex<br>Inverness, IL, 60067 | Mattress Firm, Inc. | 9 East Golf Road,<br>Hoffman Estates, IL 60169 |
| 25. | Alicia Associates<br>1811 Ocean Parkway, Unit 2E<br>ATTN: Joseph Heiney<br>Brooklyn, NY, 11223 | Sleepy's, LLC | 945 Flatbush Avenue,<br>Brooklyn, NY 11226 |
| 26. | Alpha IV Partners, LLC<br>c/o Diversified Partners<br>7500 E. McDonald Drive, Suite 100A<br>Scottsdale, AZ, 85250 | Mattress Firm, Inc. | 1754 S. Greenfield Rd. ste. 103,<br>Mesa, AZ 85206 |
| 27. | AmCap Harmony LLC<br>c/o AmCap, Inc.<br>333 Ludlow Street, 8th Floor, South Tower<br>Stamford, CT, 06902 | Mattress Firm, Inc. | 356 East Harmony Rd 6A,<br>Fort Collins, CO 80525 |
| 28. | Arlington Heights Promenade Partnership<br>122 Circle Ridge Drive<br>ATTN: Prema Plamootil<br>Burr Ridge, IL, 60527 | Mattress Firm, Inc. | 349 E Rand Road,<br>Arlington Heights, IL 60004 |
| 29. | Arrowrock II Prestonwood Village<br>c/o Summit Realty Ventures<br>101 South Hanley Road, Suite1400<br>St. Louis, MO, 63105 | Mattress Firm, Inc. | 15340 Dallas Parkway Suite 2150,<br>Dallas, TX 75248 |
| 30. | Arvee, LLC<br>1051 Reservoir Avenue<br>Cranston, RI, 02910 | Sleepy's, LLC | 1 New London Avenue,<br>Cranston, RI 02920 |

| | COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|---|
| 31. | Aurora Plaza<br>c/o National Shopping Plazas, Inc.<br>200 West Madison Street, Suite 4200<br>Chicago, IL, 60606-3465 | Mattress Firm, Inc. | 2365 N Farnsworth Avenue,<br>Aurora, IL 60502 |
| 32. | BECAR Venture<br>c/o Beeson Properties<br>550 Waugh Drive<br>Houston, TX, 77019 | Mattress Firm, Inc. | 3115 West Loop S.,<br>Houston, TX 77027 |
| 33. | Beta Holdings, LP<br>18827 Bothell Way NE, Suite 110<br>Bothell, WA, 98011 | The Sleep Train, Inc. | 301 Tukwila Pkwy,<br>Tukwila, WA 98188 |
| 34. | BOS Retail I, LLC<br>c/o Zurich Alternative Asset Management<br>150 Greenwich Street - 4 World Trade Ctr,<br>52nd Floor<br>ATTN: Asset Management<br>New York, NY, 10007 | Sleepy's, LLC | 57 Andrew Avenue,<br>Wayland, MA 01778 |
| 35. | BRC Wendover Shoppes, LLC<br>c/o Blue Ridge Property Management<br>5826 Samet Drive, Suite 105<br>ATTN: Stephanie DeFratis<br>High Point, NC, 27265 | Sleepy's, LLC | 4008 Brian Jordan Place,<br>High Point, NC 27265 |
| 36. | Broadway Enigma, LLC<br>10216 Beechnut Street<br>Houston, TX, 77072 | Mattress Firm, Inc. | 11470 Broadway Street Ste<br>110,<br>Pearland, TX 77584 |
| 37. | C4 Elion, LLC<br>c/o Crosland Southeast<br>201 S. College Street, Suite 1300<br>Charlotte, NC, 28244 | Mattress Firm, Inc. | 2501 East Franklin Blvd, Ste.,<br>Gastonia, NC 28056 |
| 38. | Capital of Texas Joint Venture<br>c/o Dick Ferrell & Co.<br>7557 Rambler Road, Suite 570<br>ATTN: Dick Ferrell<br>Dallas, TX, 75231 | Mattress Firm, Inc. | 9705 Research Blvd Suite A,<br>Austin, TX 78759 |
| 39. | Capitol Ventures, LLC<br>c/o Prospect Enterprises, LLC<br>433 South Main Street, Suite 328<br>West Hartford, CT, 06110 | Sleepy's, LLC | 9 Fieldstone Commons,<br>Tolland, CT 06084 |
| 40. | Capview Income & Value Fund IV, L.P.<br>5910 N. Central Expressway, Suite 1625<br>Dallas, TX, 75206 | Mattress Firm, Inc. | 26526 I-45 N,<br>Spring, TX 77386 |

|  | COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|---|
| 41. | Carrera, LLC<br>c/o BrodyCo, Inc.<br>530 SE Greenville Blvd., Suite 200<br>ATTN: H. J. Brody<br>Greenville, NC, 27858 | Mattress Firm, Inc. | 610 SE Greenville Blvd,<br>Greenville, NC 27858 |
| 42. | CE Boulevard Phase II LLC<br>14400 South John Humphrey Drive, Suite 200<br>ATTN: Ramzi Hassan<br>Orland Park, IL, 60462 | Mattress Firm, Inc. | 1142 S. Brentwood Boulevard,<br>Richmond Heights, MO 63117 |
| 43. | Cedar-Palmyra, LLC<br>c/o Cedar-Palmyra Trust<br>44 S Bayles Avenue, Suite 304<br>Port Washington, NY, 11050 | Sleepy's, LLC | 901 East Main Street Space #20,<br>Palmyra, PA 17078 |
| 44. | Cesare-Jones, LLC<br>2512 Oak View Court<br>Bakersfield, CA, 93311 | The Sleep Train, Inc. | 2100 Panama Lane,<br>Bakersfield, CA 93307 |
| 45. | CFT NV Developments LLC<br>1683 Walnut Grove Avenue<br>Rosemead, CA, 91770 | Mattress Firm, Inc. | 9319 Highway 6 South, Suite C,<br>Houston, TX 77083 |
| 46. | CGP 2703W. Deyoung Street MF, LLC<br>c/o Capital Growth Buchalter, Inc.<br>361 Summit Boulevard, Suite 110<br>ATTN: Robert Buchalter<br>Birmingham, AL, 35243 | Mattress Firm, Inc. | 2703 W. Deyoung Street Ste. B,<br>Marion, IL 62959 |
| 47. | CGP Willmar MF, LLC<br>c/o Capital Growth Buchalter, Inc.<br>361 Summit Boulevard, Suite 110<br>Birmingham, AL, 35243 | Mattress Firm, Inc. | 2556 1st Street South,<br>Willmar, MN 56201 |
| 48. | CH Retail Fund I/Plano Luna, LP<br>c/o DuWest Realty<br>4403 N Central Expressway<br>Dallas, TX, 75205 | Mattress Firm, Inc. | 3937 North Central Expressway,<br>Plano, TX 75023 |
| 49. | Chandler Festival SPE, LLC<br>c/o RED Development, LLC<br>One East Washington Street, Suite 300<br>Phoenix, AZ, 85004 | Mattress Firm, Inc. | 2780 W Chandler Blvd #7,<br>Chandler, AZ 85224 |
| 50. | Chen Enterprises<br>1610 Chardonnay Ridge<br>Aptos, CA, 95003 | The Sleep Train, Inc. | 1414 R Street,<br>Merced, CA 95340 |

| | COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|---|
| 51. | Clarksburg Village Center, LLC c/o Metro Management Services LLC 8230 Leesburg Pike, Suite 620 Vienna, VA, 22182 | Sleepy's, LLC | 22750 Newcut Road Suite D1, Clarksburg, MD 20871 |
| 52. | Commerce Limited Partnership #9005 c/o Commerce Group 1280 West Newport Center Drive Deerfield Beach, FL, 33442 | Sleepy's, LLC | 445 West Dekalb Pike, King of Prussia, PA 19406 |
| 53. | Creekside TIC LLC c/o Brown and Associates 7687 W 88th Avenue Arvada, CO, 80005 | Mattress Firm, Inc. | 7205 W Colfax Avenue, Ste 100, Lakewood, CO 80214 |
| 54. | Crest Property LLC c/o Washington Federal 5430 LBJ Freeway, Suite 100 Dallas, TX, 75205 | Mattress Firm, Inc. | 710 Old San Antonion Rd, Buda, TX 78610 |
| 55. | Crooked Run LLC 7900 Westpark Drive, Suite T420 McLean, VA, 22102-4216 | Sleepy's, LLC | 135 Crooked Run Plaza Suite #50, Front Royal, VA 22630 |
| 56. | Cullfirm LLC c/o Robbins Properties 3100 West End Ave., Suite 1070 Nashville, TN, 37203 | Mattress Firm, Inc. | 1817 Cherokee Ave SW, Cullman, AL 35055 |
| 57. | CV Shopping Center Associates LLC c/o Property Management Services 6420 Montrose Road Rockville, MD, 20852 | Mattress Discounters Operations LLC | 1701 Rockville Pike Suite A14, Rockville, MD 20852 |
| 58. | DCTN3 342 Mobile AL, LLC c/o N3 Real Estate 1240 N. Kimball Avenue Southlake, TX, 76092 | Mattress Firm, Inc. | 3683 Airport Blvd, Mobile, AL 36608 |
| 59. | DCTN3 373 Southlake TX, LLC c/o N3 Real Estate 1240 N. Kimball Avenue ATTN: Jan Davidson/Kaci Duplantis Southlake, TX, 76092 | Mattress Firm, Inc. | 2645 E. Southlake Blvd., Ste. 140, Southlake, TX 76092 |
| 60. | Denton Real Estate LLC 4445 Alpha Road, Suite 109 Dallas, TX, 75244 | Mattress Firm, Inc. | 1725  I-35 East, Denton, TX 76205 |

| | **COUNTERPARTY-LANDLORD AND ADDRESS** | **DEBTOR** | **PROPERTY ADDRESS** |
|---|---|---|---|
| 61. | Dominion Square Culpepper LLC<br>c/o Aston Properties<br>610 E. Morehead Street, Suite 100<br>Charlotte, NC, 28202 | Sleepy's, LLC | 717 Dominion Square Shopping Center,<br>Culpeper, VA 22701 |
| 62. | Drake Statesville, LLC<br>2501-B Plantation Center Drive<br>Matthews, SC, 28105 | Sleepy's, LLC | 252 Turnersburg Highway,<br>Statesville, NC 28625 |
| 63. | Dreamspace Properties, LLC<br>c/o Cambridge Management, Ltd.<br>15255 S. 94th Avenue, Suite 400<br>Orland Park, IL, 604062 | Mattress Firm, Inc. | 2317 S. Route 59,<br>Plainfield, IL 60431 |
| 64. | DVW Properties, LLC<br>c/o Satus Group, LLC<br>202 S. Lake Avenue, Suite 300<br>Pasadena, CA, 91101 | Sleepy's, LLC | 1011 S Main St,<br>Kernersville, NC 27284 |
| 65. | EAST BROADWAY TUCSON CO. LLC<br>C/O Benenson Capital Partners, LLC<br>708 Third Ave, 28th Floor<br>New York, NY, 10017 | Mattress Firm, Inc. | 5545 E Broadway,<br>Tucson, AZ 85711 |
| 66. | ELK Bristol Commons LLC<br>489 5th Avenue, 7th Floor<br>New York, NY, 10017 | Sleepy's, LLC | 99 Farmington Avenue,<br>Bristol, CT 06010 |
| 67. | Emerald Estates, LLC<br>c/o KAMG Management<br>3620 100th St. SW, Suite A<br>Lakewood, WA, 98499 | The Sleep Train, Inc. | 5003 Tacoma Mall Blvd,<br>Tacoma, WA 98409 |
| 68. | EQY Invest Owner I Ltd., L.L.P.<br>c/o Global Realty & Management<br>15866 Champion Forest Drive<br>Spring, TX, 77379 | Mattress Firm, Inc. | 1266 Fry Road,<br>Houston, TX 77084 |
| 69. | Estate of Stephen J. Hutt<br>c/o Earl M. Temchin, Executor<br>18 Peck Street<br>ATTN: Schettino & Temchin<br>North Haven, CT, 06473 | Sleepy's, LLC | 927 West Main Street,<br>Branford, CT 06405 |
| 70. | Fair City HHH, LLC<br>c/o HHH Properties Corp.<br>4001 Williamsburg Court<br>Fairfax, VA, 22032 | Sleepy's, LLC | 9600 Main Street Suite B,<br>Fairfax, VA 22031 |

| | COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|---|
| 71. | Fairhaven HUH 2014, LLC<br>221 Huttleston Avenue<br>Felecia Edel<br>Fairhaven, MA, 02719 | Sleepy's, LLC | 205 Huttleson Avenue Unit #50,<br>Fairhaven, MA 02719 |
| 72. | FHL, LLC<br>110 Sangaree Parkway<br>Summerville, SC, 29486 | Mattress Firm, Inc. | 5075 Sunset Blvd,<br>Lexington, SC 29072 |
| 73. | Forum West Ltd.<br>10010 San Pedro, Suite 650<br>San Antonio, TX, 78216 | Mattress Firm, Inc. | 14791 IH-35, # 108,<br>Schertz, TX 78154 |
| 74. | Frontier Village, LP<br>c/o Sansone Group<br>120 S. Central Avenue, Suite 500<br>St. Louis, MO, 63105 | Mattress Firm, Inc. | 115 Sundance Pkwy, Ste 520,<br>Round Rock, TX 78681 |
| 75. | FSU Retail Investors LLC<br>6640 Pine Tree Lane<br>ATTN: David Salmanson<br>Miami Beach, FL, 33141-4531 | Mattress Firm, Inc. | 1814 West Tennessee Street,<br>Tallahassee, FL 32304 |
| 76. | G2G3 Newington LLC<br>100 Westport Ave<br>Norwalk, CT, 06851 | Sleepy's, LLC | 3475 Berlin Turnpike,<br>Newington, CT 06111 |
| 77. | Garber Properties, Inc.<br>115 South Vine Street<br>Hinsdale, IL, 60521 | Mattress Firm, Inc. | 9935-51 S. Ridgeland Avenue,<br>Chicago Ridge, IL 60415 |
| 78. | Gendell WN Skokie, LLC<br>c/o Terraco, Inc.<br>3201 Old Glenview Road, Suite 300<br>Skokie, IL, 60077 | Mattress Firm, Inc. | 9240 Skokie Blvd,<br>Skokie, IL 60077 |
| 79. | Geneva Christina LLC<br>533 Ashland Avenue<br>Chicago Heights, IL, 60411 | Mattress Firm, Inc. | 1749 S. Randall Road,<br>Geneva, IL 60134 |
| 80. | GITP Properties I, Ltd.<br>7807 Main Street<br>ATTN: Lease Administrator<br>Houston, TX, 77030 | Mattress Firm, Inc. | 9930 Katy Freeway, #600,<br>Houston, TX 77055 |
| 81. | Grand Plaza, LLC<br>5850 Canoga Avenue, Suite 650<br>ATTN: Property Management<br>Woodland Hills, CA, 91367 | The Sleep Train, Inc. | 109 S Las Posas Road, Ste 101,<br>San Marcos, CA 92078 |

| | COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|---|
| 82. | Greensboro Battlefield LLC<br>2598 E. Branch<br>ATTN: Ramesh Bodulla<br>Brea, CA, 92821 | Mattress Firm, Inc. | 2510 Battleground Ave,<br>Greensboro, NC 27408 |
| 83. | GRI Village LP<br>c/o Gart Properties LLC<br>299 Milwaukee Street, Suite 500<br>Denver, CO, 80206 | Mattress Firm, Inc. | 2525 Arapahoe Ave, Ste. E20,<br>Boulder, CO 80302 |
| 84. | HAP IX LP<br>4703 Timberline Drive<br>ATTN: Russell Hinds<br>Austin, TX, 78746 | Mattress Firm, Inc. | 1810 FM 685 #200,<br>Pflugerville, TX 78660 |
| 85. | Hartman Cooper Street Plaza, LLC<br>2909 Hillcroft, Suite 420<br>Houston, TX, 77057 | Mattress Firm, Inc. | 4629 South Cooper St., Ste.<br>125,<br>Arlington, TX 76017 |
| 86. | High Nob-Galleria, LLC<br>c/o Collett & Associates<br>1111 Metropolitan Avenue. Suite 700<br>Charlotte, NC, 28204-3424 | Mattress Firm, Inc. | 2391 Dave Lyle Blvd, Suite<br>106,<br>Rock Hill, SC 29730 |
| 87. | HMC Lewisville TC, LLC<br>8080 Park Lane Suite 800<br>ATTN: Anna Corson<br>Dallas, TX, 75231 | Mattress Firm, Inc. | 4770 State Highway 121, Suite<br>130,<br>Lewisville, TX 75056 |
| 88. | Homefield Advantage I, LLC<br>c/o Lane4 Property Group<br>4705 Central Street<br>ATTN: Owen J Buckley<br>Kansas City, MO, 64112 | Mattress Firm, Inc. | 8420 South 71st Plaza Suite<br>103,<br>Papillion, NE 68046 |
| 89. | Horn Holdings, LLC<br>301 West G St, No. 120<br>San Diego, CA, 92101 | Mattress Firm, Inc. | 1330 S Torrence,<br>Calumet City, IL 60409 |
| 90. | Houston Westmont, LP<br>c/o PM Realty Group<br>3737 Buffalo Speedway, Suite 650<br>Houston, TX, 77098 | Mattress Firm, Inc. | 1005 Westheimer Rd,<br>Houston, TX 77006 |
| 91. | Independence Parkway Properties<br>1990 Niles Cortland Road<br>ATTN: Mark Beith<br>Cortland, OH, 44410 | Sleepy's, LLC | 1834 Matthews Township<br>Parkway,<br>Matthews, NC 28105 |

| | COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|---|
| 92. | Indian Partners LLC<br>c/o Avison Young-North Carolina LLC<br>127 West Hargett Street, Suite 100<br>Raleigh, NC, 27607 | Sleepy's, LLC | 14045 East Independence Blvd<br>Suite C4,<br>Indian Trail, NC 28079 |
| 93. | Institution Group, L.L.C.<br>c/o National Shopping Plazas, Inc.<br>200 West Madison Street, Suite 4200<br>ATTN: Jonathon M. Hanus<br>Chicago, IL, 60606-3465 | Sleepy's, LLC | 10412 Indianapolis Blvd,<br>Highland, IN 46322 |
| 94. | Ivanov Grandview, LLC<br>c/o Pegasus Investments<br>1901 Avenue of the Stars, Suite 630<br>ATTN: Justin Herman<br>Los Angeles, CA, 90067 | Mattress Firm, Inc. | 12344 US 71 Highway,<br>Grandview, MO 64030 |
| 95. | IVT Shops At Galleria Bee Cave LLC<br>c/o InvenTrust Property Management,<br>LLC<br>2809 Butterfield Rd, Suite 200<br>ATTN: Property Manager - Shannon Erler<br>Oak Brook, IL, 60523 | Mattress Firm, Inc. | 12908 Shops Pkwy Unit 100,<br>Bee Cave, TX 78738 |
| 96. | J. Larry Fugate, as Trustee of the J. Larry<br>Fugate Revocable Trust, dated March 25,<br>2010<br>208 South Maize Road<br>ATTN: Property Manager<br>Wichita, KS, 67209 | Mattress Firm, Inc. | 11747 East Kellog Drive,<br>Wichita, KS 67207 |
| 97. | Jackerman Family, LLC<br>9779 Nickel Ridge Circle<br>Naples, FL, 34120-4661 | Sleepy's, LLC | 5629 Plank Road,<br>Fredericksburg, VA 22407 |
| 98. | James E. Peterson & Katherine M. Meyer<br>28 Valley View<br>Steamboat Springs, CO, 80488 | Mattress Firm, Inc. | 990 Airport Road,<br>Rifle, CO 81650 |
| 99. | JCR Rutherford Crossing Investors, LLC<br>c/o J.C. Reger Interests, Inc.<br>1010 Wisconsin Avenue, NW, Suite 600<br>Washington, DC, 20007 | Sleepy's, LLC | 235 Market Street,<br>Winchester, VA 22603 |
| 100. | Jing Tai LLC<br>c/o Hayton Financial & Investment Group,<br>Ltd.<br>11 East Broadway, 10th Floor<br>New York, NY, 10038 | Mattress Firm, Inc. | 4805 W Irving Park Road,<br>Chicago, IL 60641 |