**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: November 2, 2018 at 4:00 p.m. (ET)**<br>**Status Hearing: November 9, 2018 at 1:00 p.m. (ET)** |

**NOTICE OF CURE AMOUNTS RELATING TO UNEXPIRED LEASES**
**THAT THE DEBTORS MAY ASSUME PURSUANT TO THE PLAN**

YOU ARE RECEIVING THIS NOTICE (THE "CURE NOTICE") BECAUSE YOU ARE A COUNTERPARTY TO ONE OR MORE UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY WITH ONE OR MORE OF THE DEBTORS. THE DEBTORS MAY SEEK TO ASSUME SUCH LEASE(S) PURSUANT TO THE PLAN.

**PLEASE TAKE NOTICE** that, on October 5, 2018 (the "Petition Date"), Mattress Firm, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Joint Prepackaged Chapter 11 Plan of Reorganization for Mattress Firm, Inc. and Its Debtor Affiliates* [Docket No. 22] (as the same may be amended, supplemented or otherwise modified from time to time, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Plan,[3] the Debtors **may** assume any Unexpired Lease(s) (each, a "Lease") to which you are a counterparty unless such Lease: (i) has previously been rejected by a Final Order of the Bankruptcy Court; (ii) has been rejected by an order of the Bankruptcy Court entered on or before the Effective Date, which order becomes a Final Order after the Effective Date; (iii) is the subject of a Rejection Motion or Lease Rejection Notice pending as of the Effective Date and is subsequently rejected by a Final

---

[1] The last four digits of Mattress Firm Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/MattressFirm or by contacting counsel for the Debtors.

[2] A copy of the Plan may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/MattressFirm or by contacting counsel for the Debtors.

[3] Any descriptions of the Plan in this Cure Notice are intended only to provide a summary of certain key terms of the Plan and are qualified in their entirety by reference to the entire Plan.

Order of the Bankruptcy Court; or (iv) is identified on the Schedule of Post-Effective Date Negotiated Leases as a Lease as to which the counterparty has consented in writing to the Debtors' deferral of their decision to assume or reject for a period of up to ninety (90) days immediately following the Effective Date;[4] provided, however, that the Debtors or the Reorganized Debtors, as applicable, may assume any Lease identified on the Schedule of Post-Effective Date Negotiated Leases at any time before termination of the Post-Effective Date Lease Negotiation Period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Plan, the Debtors **may** assume the Lease(s) to which you are a party provided that the Debtors cure any defaults under the Lease(s) existing as of the time of assumption. The amount(s) that the Debtors believe must be paid to cure all defaults existing as of the Petition Date under the Lease(s) to which you are a counterparty in accordance with section 365(b) of the Bankruptcy Code (each, a "Cure Amount") is/are listed on **Exhibit A** to this Cure Notice.

**PLEASE TAKE FURTHER NOTICE** that, in the event you owe any amount to one or more of the Debtors pursuant to a Lease, the Debtors explicitly reserve their rights to collect such amount in the ordinary course, notwithstanding that the Cure Amount listed on **Exhibit A** may be zero, and nothing in this Cure Notice constitutes a waiver of the Debtors' rights with respect to any Lease.

**PLEASE TAKE FURTHER NOTICE** that, if you disagree with the proposed Cure Amount or object to the assumption of the Lease(s) pursuant to the Plan, you must file with the Court and serve a written objection (each an "Objection") so as to be actually received by the following parties **no later than 4:00 p.m. prevailing Eastern Time on November 2, 2018** (such deadline, the "Objection Deadline"): (i) the Debtors, Mattress Firm, Inc., 10201 S. Main Street, Houston, Texas 77025, Attn: Kindel Elam; (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, Attn: Bojan Guzina and Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton and Ashley E. Jacobs; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Richenderfer; (v) counsel to the DIP Agents and Prepetition ABL Agent, Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, New York 10166, Attn: Andrew V. Tenzer and Michael E. Comerford, and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins and Jason M. Madron, and Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110-1726, Attn: Marc R. Leduc; (vi) counsel to the Prepetition Term Loan Lender, Linklaters LLP, 601 13th Street NW #400, Washington, D.C. 20005, Attn: Amy Edgy, and 1345 6th Avenue, New York, New York 10105, Attn: Christopher Hunker; and (vii) co-counsel to the exit term loan financing backstop group, Latham & Watkins LLP, 885 Third Avenue, New York,

---

[4] The Plan includes a mechanism that permits the Debtors to continue negotiations with consenting landlords for a period of 90 days following the Effective Date of the Plan (such 90-day period, the "Post-Effective Date Lease Negotiation Period"). Specifically, prior to the confirmation hearing, the Debtors will file a schedule of all Remaining Leases as to which the applicable counterparty has consented in writing to the Debtors' deferral of their decision on assumption or rejection during the Post-Effective Date Lease Negotiation Period (such schedule, the "Schedule of Post-Effective Date Negotiated Leases").

New York 10022, Attn: Adam Goldberg, and Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, Attn: William Bowden.  Each Objection should state with specificity the legal and factual grounds for the objection to the Cure Amount or the proposed assumption of the applicable Lease(s).

**PLEASE TAKE FURTHER NOTICE** that the proposed Cure Amount does not include any amounts that may be owed on account of common area maintenance, insurance, taxes, and similar charges or credits (or amounts owed by or credits owed to the Debtors after year-end adjustments and reconciliations of such charges) that have yet to be reconciled and billed as of the date of this filing, which amounts will be paid in the ordinary course of business under the terms of the relevant Lease (provided that such Lease is actually assumed by the Debtors).

**PLEASE TAKE FURTHER NOTICE** that notwithstanding the Cure Amount(s) listed on **Exhibit A**, the Debtors have reached separate lease amendment agreements with certain counterparties (which may include you) and, in those instances, the separate lease amendment agreements shall control over the Cure Amount.

**PLEASE TAKE FURTHER NOTICE THAT ONCE THE CURE AMOUNT IS PAID AND A LEASE IS ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN, SUCH ASSUMPTION SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, INCLUDING ANY IPSO FACTO CLAUSE, ARISING UNDER ANY ASSUMED LEASE AT ANY TIME BEFORE THE DATE ON WHICH THE DEBTORS OR REORGANIZED DEBTORS ASSUME SUCH LEASE.**

**PLEASE TAKE FURTHER NOTICE** that notwithstanding anything set forth herein, this Cure Notice shall not be deemed to constitute an assumption, rejection or termination of any of the Leases.  The Debtors explicitly reserve their rights to reject or assume each Lease pursuant to section 365(a) of the Bankruptcy Code and nothing herein (i) alters in any way the prepetition nature of the Leases or the validity, priority, or amount of any claims of a counterparty to a Lease against the Debtors that may arise under such Lease, (ii) creates a post-petition contract or agreement or (iii) elevates to administrative expense priority any claims of a counterparty to a Lease against the Debtors that may arise under such Lease.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: October 19, 2018<br>Wilmington, Delaware | SIDLEY AUSTIN LLP<br>Bojan Guzina<br>Matthew E. Linder<br>Michael Fishel<br>Blair M. Warner<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Ashley E. Jacobs*<br>Robert S. Brady (No. 2847)<br>Edmon L. Morton (No. 3856)<br>Ashley E. Jacobs (No. 5635)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>PROPOSED ATTORNEYS FOR THE DEBTORS<br>AND DEBTORS IN POSSESSION |