UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re Mattress Firm, Inc., et al.  
      Debtors

Case No. 18-12241 (CSS)

## INITIAL MONTHLY OPERATING REPORT
File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| 12-Month Cash Flow Projection (Form IR-1) | DIP Budget Attached | |
| Certificates of Insurance: | Attached | |
|    Workers Compensation | | |
|    Property | | |
|    General Liability | | |
|    Vehicle | | |
|    Other: D&O, Errors & Omissions, Umbrella and Excess | | |
|    Identify areas of self-insurance w/liability caps | | |
| Evidence of Debtor in Possession Bank Accounts | Cash Management Order Attached | |
|    Tax Escrow Account | | |
|    General Operating Account | | |
|    Money Market Account pursuant to Local Rule 4001-3. Refer to http://www.deb.uscourts.gov/ | | |
|    Other: | | |
| Retainers Paid (Form IR-2) | Attached | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

n/a  
Signature of Debtor

n/a  
Date

n/a  
Signature of Joint Debtor

n/a  
Date

_[signature]_  
Signature of Authorized Individual*

10-22-18  
Date

Hendre Ackermann  
Printed Name of Authorized Individual

Chief Financial Officer  
Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

FORM IR  
(4/07)

**Mattress Firm - 13-Week Statement of Cash Flows**
*($ millions)*

| | FCST Wk 1 5-Oct | FCST Wk 2 12-Oct | FCST Wk 3 19-Oct | FCST Wk 4 26-Oct | FCST Wk 5 2-Nov | FCST Wk 6 9-Nov | FCST Wk 7 16-Nov | FCST Wk 8 23-Nov | FCST Wk 9 30-Nov | FCST Wk 10 7-Dec | FCST Wk 11 14-Dec | FCST Wk 12 21-Dec | FCST Wk 13 28-Dec | TOTAL Wk 1-13 28-Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Operating Receipts** | | | | | | | | | | | | | | |
| Trading receipts | 57 | 65 | 61 | 56 | 44 | 50 | 61 | 59 | 76 | 54 | 48 | 50 | 42 | 724 |
| Other receipts | - | - | - | 3 | - | 3 | - | - | - | - | - | - | - | 5 |
| Total operating receipts | 57 | 65 | 61 | 59 | 44 | 53 | 61 | 59 | 76 | 54 | 48 | 50 | 42 | 729 |
| **Operating Disbursements** | | | | | | | | | | | | | | |
| Merchandise | (29) | (30) | (23) | (11) | (23) | (21) | (18) | (18) | (13) | (22) | (22) | (25) | (13) | (268) |
| Payroll | (6) | (16) | (11) | (13) | (9) | (9) | (9) | (17) | (9) | (13) | (10) | (28) | (8) | (159) |
| Rent | (1) | (0) | - | (3) | (44) | - | - | (3) | (64) | - | - | - | (3) | (118) |
| Other | (16) | (31) | (33) | (20) | (8) | (8) | (32) | (25) | (12) | (5) | (24) | (27) | (10) | (251) |
| Total operating disbursements | (53) | (78) | (67) | (46) | (84) | (39) | (59) | (63) | (98) | (39) | (56) | (80) | (34) | (796) |
| **Net cash inflow (outflow) from operating activities** | 4 | (13) | (7) | 13 | (40) | 14 | 2 | (4) | (22) | 15 | (8) | (30) | 8 | (67) |
| **Non-Operating Disbursements** | | | | | | | | | | | | | | |
| Interest and fees | (9) | - | - | - | (1) | - | - | (8) | - | - | - | - | (0) | (18) |
| Other loan draws/(repayments) | (87) | - | - | - | - | - | - | (84) | - | - | - | - | - | (170) |
| DIP term loan draws/(repayments) | 100 | - | - | - | - | - | - | (100) | - | - | - | - | - | - |
| DIP ABL draws/(repayments) | - | 28 | 8 | (12) | 26 | 2 | (1) | (52) | - | - | - | - | - | 0 |
| Exit term loan draws/(repayments) | - | - | - | - | - | - | - | 400 | - | - | - | - | - | 400 |
| Exit ABL draws/(repayments) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Professional Fees | (12) | (5) | (1) | (1) | (1) | (1) | (1) | (5) | (14) | (6) | - | - | - | (46) |
| **Net cash inflow (outflow) from non-operating activities** | (8) | 24 | 7 | (13) | 25 | 1 | (2) | 151 | (14) | (6) | - | - | (0) | 165 |
| **Net cash flow** | (3) | 11 | (0) | - | (15) | 15 | 0 | 147 | (36) | 9 | (8) | (30) | 7 | 97 |
| ABL borrowing base | 104 | 99 | 98 | 98 | 102 | 100 | 101 | 92 | 87 | 91 | 92 | 92 | 91 | 91 |
| Minimum excess availability | (15) | (15) | (15) | (15) | (15) | (15) | (15) | (15) | (15) | (15) | (15) | (15) | (15) | (15) |
| Letters of credit | (13) | (13) | (13) | (13) | (13) | (13) | (13) | (13) | (13) | (13) | (13) | (13) | (13) | (13) |
| Professional fee carve-out | (7) | (7) | (7) | (7) | (7) | (7) | (7) | - | - | - | - | - | - | - |
| **Borrowing base availability** | 69 | 64 | 63 | 63 | 66 | 64 | 66 | 63 | 58 | 62 | 63 | 63 | 62 | 62 |
| Less: ABL balance | - | (28) | (36) | (24) | (50) | (52) | (52) | - | - | - | - | - | - | - |
| **ABL availability - ending** | 69 | 35 | 27 | 39 | 16 | 12 | 14 | 63 | 58 | 62 | 63 | 63 | 62 | 62 |
| Bank cash at end of the period | 5 | 34 | 15 | 16 | 19 | 16 | 19 | 175 | 161 | 138 | 141 | 96 | 102 | 102 |
| **Total Liquidity** | 73 | 69 | 42 | 55 | 34 | 28 | 33 | 239 | 219 | 200 | 205 | 159 | 165 | 165 |
| **Forecast Ending Inventory** | 226 | 220 | 215 | 214 | 214 | 212 | 216 | 204 | 202 | 199 | 196 | 193 | 194 | 194 |



# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY):** 10/15/2018

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**IMPORTANT:** If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
SterlingRisk
135 Crossways Park Drive
P.O. Box 9017
Woodbury NY 11797

**CONTACT NAME:**
**PHONE (A/C, No, Ext):** 800-767-7837
**FAX (A/C, No):** 516-487-0372
**E-MAIL ADDRESS:** request@sterlingrisk.com

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A : Zurich American Insurance Company | 16535 |
| INSURER B : Great American Ins. Company of NY | 22136 |
| INSURER C : Illinois Union Insurance Company | 27960 |
| INSURER D : | |
| INSURER E : | |
| INSURER F : | |

**INSURED:** MATTFIR-01
Mattress Firm, Inc.
10201 S. Main Street
Houston TX 77025

## COVERAGES    CERTIFICATE NUMBER: 2043472287    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS-MADE  X OCCUR | Y | Y | GLO 038133-03 | 7/1/2018 | 7/1/2019 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $1,000,000 |
| | | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY ☐ PROJECT X LOC<br>☐ OTHER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | | | | $ |
| A | AUTOMOBILE LIABILITY<br>X ANY AUTO<br>☐ OWNED AUTOS ONLY   ☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS ONLY    ☐ NON-OWNED AUTOS ONLY | Y | Y | BAP 0381331-03 | 7/1/2018 | 7/1/2019 | COMBINED SINGLE LIMIT (Ea accident) | $2,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| B | X UMBRELLA LIAB  X OCCUR<br>☐ EXCESS LIAB  ☐ CLAIMS-MADE<br>☐ DED  ☐ RETENTION $ | Y | Y | UMB 2275305 | 7/1/2018 | 7/1/2019 | EACH OCCURRENCE | $25,000,000 |
| | | | | | | | AGGREGATE | $25,000,000 |
| | | | | | | | | $ |
| A | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ N/A<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | Y | WC 0381329-03 | 7/1/2018 | 7/1/2019 | X PER STATUTE  ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |
| C | Environmental Site Liability | | | G2900254A001 | 4/3/2017 | 4/3/2021 | Limits | $5,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Evidence of Insurance

**CERTIFICATE HOLDER**

Office of the United States Trustee, District of Delaware
Attn: Linda Richenderfer
844 King Street, Suite 2207
Wilmington DE 19801

**CANCELLATION** 30 DAYS

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE**
*[signature]*

© 1988-2015 ACORD CORPORATION. All rights reserved.
ACORD 25 (2016/03)    The ACORD name and logo are registered marks of ACORD



# EVIDENCE OF PROPERTY INSURANCE

**DATE (MM/DD/YYYY):** 10/15/2018

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

**AGENCY**
SterlingRisk
135 Crossways Park Drive
P.O. Box 9017
Woodbury, NY 11797

**PHONE (A/C, No, Ext):** 800-767-7837

**COMPANY**
Norfolk Reinsurance Company Ltd.
48 Par-la-Ville Road
Hamilton HM 11, Bermuda

**FAX (A/C, No):** 516-487-0372
**E-MAIL ADDRESS:** request@sterlingrisk.com

**CODE:**   **SUB CODE:**

**AGENCY CUSTOMER ID #:** MATTFIR-01

**INSURED**
Mattress Firm, Inc.
10201 S. Main Street
Houston, TX 77025

**LOAN NUMBER**

**POLICY NUMBER:** NFRMFPD/BI/18-19

**EFFECTIVE DATE:** 06/01/2018
**EXPIRATION DATE:** 06/01/2019
**CONTINUED UNTIL TERMINATED IF CHECKED**

**THIS REPLACES PRIOR EVIDENCE DATED:**

## PROPERTY INFORMATION

**LOCATION/DESCRIPTION**
THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| ALL RISK OF DIRECT PHYSICAL LOSS OR DAMAGE TO PERSONAL PROPERTY INCLUDING PLATE GLASS, IMPROVEMENTS AND BETTERMENTS, AND BUSINESS INCOME ON A REPLACEMENT COST BASIS, SUBJECT TO POLICY TERMS, CONDITIONS AND EXCLUSIONS. COVERAGE INCLUDES, BUT IS NOT LIMITED TO FIRE, EXTENDED PERILS SUCH AS VANDALISM, MALICIOUS MISCHIEF, FLOOD, EARTHQUAKE AND BOILER & MACHINERY.<br>Agreed Value | 25,000,000 | 100,000 |

**REMARKS (Including Special Conditions)**
Evidence of Insurance

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

**NAME AND ADDRESS**
Office of the United States Trustee, District of Delaware
Attn: Linda Richenderfer
844 King Street, Suite 2207
Wilmington DE 19801

☐ MORTGAGEE   ☐ ADDITIONAL INSURED
☐ LOSS PAYEE

**LOAN #**

**AUTHORIZED REPRESENTATIVE**
*[signature]*

ACORD 27 (2009/12)

© 1993-2009 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD



# EVIDENCE OF PROPERTY INSURANCE

DATE (MM/DD/YYYY): 10/15/2018

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

**AGENCY**
SterlingRisk
135 Crossways Park Drive
P.O. Box 9017
Woodbury, NY 11797

**PHONE (A/C, No, Ext):** 800-767-7837

**FAX (A/C, No):** 516-487-0372
**E-MAIL ADDRESS:** request@sterlingrisk.com
**CODE:**
**SUB CODE:**
**AGENCY CUSTOMER ID #:**

**COMPANY**
Norfolk Reinsurance Company Ltd.
48 Par-la-Ville Road
Hamilton HM 11, Bermuda

**INSURED**
Stripes US Holdings, Inc.
10201 S. Main Street
Houston, TX 77025

**LOAN NUMBER:**
**POLICY NUMBER:** NFRMFPD/BI/18-19
**EFFECTIVE DATE:** 06/01/2018
**EXPIRATION DATE:** 06/01/2019
**CONTINUED UNTIL TERMINATED IF CHECKED**
**THIS REPLACES PRIOR EVIDENCE DATED:**

## PROPERTY INFORMATION

**LOCATION/DESCRIPTION**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

**COVERAGE INFORMATION** — PERILS INSURED: [ ] BASIC [ ] BROAD [ ] SPECIAL

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Terrorism | $150,000,000 | $10,000 |

**REMARKS (Including Special Conditions)**
Evidence of Insurance

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**ADDITIONAL INTEREST**

**NAME AND ADDRESS**
Office of the United States Trustee, District of Delaware
Attn: Linda Richenderfer
844 King Street, Suite 2207
Wilmington DE 19801

[ ] ADDITIONAL INSURED  [ ] LENDER'S LOSS PAYABLE  [ ] LOSS PAYEE
[ ] MORTGAGEE
**LOAN #**
**AUTHORIZED REPRESENTATIVE**

ACORD 27 (2016/03)

© 1993-2015 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 9 |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO USE THEIR EXISTING CASH MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO AND (C) MAINTAIN EXISTING BUSINESS FORMS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Mattress Firm, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Interim Order"), pursuant to sections 105(a), 345(b) and 363(c)(1) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004 and Local Rule 2015-2, (i) authorizing the Debtors to (a) continue to use the Cash Management System, including existing Bank Accounts, (b) honor certain prepetition obligations related thereto, (c) maintain their existing Business Forms and (ii) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of

---

[1] The last four digits of Mattress Firm, Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/MattressFirm or by contacting counsel for the Debtors.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

01:23716663.1

the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2. The Final Hearing on the Motion shall be held on November 9, 2018 at 1:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on November 2, 2018 (the "Objection Deadline") and served on the following parties: (i) the Debtors, Mattress Firm, Inc., 10201 South Main Street, Houston, Texas 77025, Attn: Kindel Elam; (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, Attn: Bojan Guzina and Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton and Ashley E. Jacobs; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Richenderfer; (v) counsel to the DIP Agents and Prepetition ABL Agents, Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York,

New York 10166, Attn: Paul V. Tenzer, and Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110-1726, Attn: Marc R. Leduc, and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.; (vi) counsel to the Prepetition Term Loan Lender, Linklaters LLP, 601 13th Street NW #400, Washington, D.C. 20005, Attn: Amy Edgy, and 1345 6th Avenue, New York, New York 10105, Attn: Christopher Hunker; (vii) co-counsel to the Backstop Group, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: Adam Goldberg, and Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, Attn: William Bowden; (viii) counsel to any statutory committee appointed in these chapter 11 cases; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue operating the Cash Management System, including those Bank Accounts identified on the schedule attached hereto as **Exhibit 1**, substantially as depicted on the funds flow diagram attached hereto as **Exhibit 2**.

4. The Debtors are further authorized, but not directed, in consultation with the Backstop Group ~~and subject to any budget in connection with any debtor in possession financing and/or use of cash collateral~~, to: (i) continue to use, with the same account numbers, each of the Bank Accounts in existence as of the Petition Date, including each of the accounts identified on **Exhibit 2** attached hereto and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Operating Guidelines, including, without limitation, the requirement to establish separate accounts for cash collateral and/or tax payments; (ii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (iii) deposit funds

in and withdraw funds from the Bank Accounts by all usual means, including, without limitation, by check, wire transfer and other methods; (iv) pay the Bank Fees & Claims (as defined below), including, without limitation, any Prepetition Bank Fees & Claims and any other Bank Fees & Claims for prepetition transactions that are charged to the Debtors on or after the Petition Date; and (v) otherwise perform their obligations in accordance with the documents governing the Bank Accounts, including, without limitations, any prepetition cash management agreements, treasury service agreements, and commercial card agreements (collectively, the "Bank Account Agreements").

5. The Bank Account Agreements shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

6. The Debtors are authorized to use, in their present form, all preprinted correspondence and Business Forms (including checks and letterhead) without reference to the Debtors' status as debtors in possession; provided, that once the Debtors' preprinted correspondence and Business Forms (including checks and letterhead) have been used, the Debtors shall, when reordering, require the designation "Debtor in Possession" and the case number of the lead bankruptcy case on all such documents; provided, further, that with respect to checks and letterhead that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and the case number of the lead bankruptcy case on such items within 14 days of the date of entry of this Interim Order.

7. The Banks are authorized to: (i) continue to maintain, service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in

the ordinary course, in accordance with the terms of the Bank Account Agreements; (ii) receive, process, exchange for cashier's checks, honor and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued, presented or drawn on the Bank Accounts on and after the Petition Date by the holders, makers or payors thereof, as the case may be (collectively, the "Disbursements"); and (iii) debit or charge back the Bank Accounts for all undisputed prepetition and post-petition Bank Fees and similar claims by the Banks, including, without limitation, (a) checks deposited with the Banks which have been dishonored or returned for insufficient funds; (b) any reimbursement or other payment obligations, such as overdrafts, arising under the Bank Account Agreements; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System (collectively with the Bank Fees, the "Bank Fees & Claims"); provided, however, that the Banks shall not honor any Disbursements (excluding any electronic fund transfers that the Banks are obligated to settle) presented, issued or drawn on the Bank Accounts before the Petition Date unless (a) authorized by order of this Court; (b) not otherwise prohibited by a "stop payment" request received by the Banks from the Debtors; and (c) supported by sufficient available funds in the Bank Account in question. Postpetition Bank Fees & Claims are entitled to administrative expense priority pursuant to Section 503(b) of the Bankruptcy Code.

8. Subject to the terms of this Interim Order, the Banks may rely upon the representations of the Debtors with respect to whether any Disbursement should be honored pursuant to any order of this Court, whether or not such Disbursements are dated before, on or after the Petition Date, and no Bank that honors a prepetition Disbursement that is the subject of this Interim Order (i) at the direction of the Debtors, (ii) in the good-faith belief that this Court

has authorized such Disbursement to be honored, without any further duty of inquiry, or (iii) as a result of an innocent mistake made despite implementation of reasonable item handling procedures, shall or shall be deemed to have any liability to the Debtors or their estates on account of such Disbursement being honored post-petition, or otherwise be deemed to be in violation of this Interim Order. The Debtors shall promptly furnish to the Banks a list of Disbursement items which have been authorized by any Order(s) of this Court and with respect to which payment is requested.

9.  Notwithstanding anything to the contrary in the Motion or this Interim Order, none of the Debtors' creditors, including the Administrative Agent, shall sweep any cash from the Disaster Relief Account during the pendency of these Chapter 11 Cases without further order of this Court.

10. The Debtors' credit card processors are authorized to process payments in the ordinary course of business, including the netting out of any fees and/or chargebacks arising before, on or after the Petition Date.

11. The Debtors are authorized to (i) open any new bank accounts, which shall be subject to the terms of this Order, or close any existing Bank Accounts and (ii) enter into any ancillary agreements, including new deposit account control agreements related to the foregoing, as they may deem necessary and appropriate in their discretion; provided, that the Debtors shall give notice within 14 days of such action to the U.S. Trustee, the Backstop Group, and any statutory committee appointed in these chapter 11 cases; provided, further, that the Debtors shall open any such new bank account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement. Subject to the requirements of the foregoing sentence, the relief granted in this

01:23716663.1

Interim Order is extended to any new bank account opened by the Debtors after the date hereof, which shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Bank.

12. The Banks are further authorized to (i) honor the Debtors' directions with respect to the opening of any bank account and/or the closing of any Bank Account and (ii) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; <u>provided, however</u>, that the Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

13. Nothing contained in the Motion or this Interim Order shall be construed to (i) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

14. Mattress Firm, Inc. is authorized to continue to use in the ordinary course of business the commercial card program provided by JPMorgan Chase Bank, N.A. ("<u>JPMC</u>") in accordance with the terms of the Master Commercial Card Agreement, dated as of August 29, 2017, between Mattress Firm, Inc. and JPMC, to honor all past and future obligations arising thereunder (the "<u>Commercial Card Obligations</u>"), and to make timely payments to JPMC in respect of Commercial Card Obligations, including making payments on account of charges that were made prior to the Petition Date. All Commercial Card Obligations shall continue to be secured by the Bank Accounts held by JPMC to the same extent provided under the Bank Account Agreements. In the event Mattress Firm, Inc. fails to make any timely payment to JPMC in respect of the Commercial Card Obligations, JPMC is authorized, in its discretion, to terminate the commercial card program without further order of the Court, provided, however,

01:23716663.1

that any such termination (a) is consistent with the terms and conditions of the commercial card agreement, and (b) must not be effectuated on less than ten (10) calendar days advanced written notice to Mattress Firm, Inc. To the extent necessary, JPMC is hereby granted relief from the Section 362 automatic stay for purposes of this paragraph.

15. For Banks at which the Debtors maintain Bank Accounts that are parties to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall, within 14 days of the date of entry of this Interim Order, (a) contact each such Bank, (b) provide each such Bank with (i) each Debtor's employer identification number and (ii) the bankruptcy case number of the principal docket for these chapter 11 cases and (c) identify each Bank Account held at such Banks as being held by a debtor in possession in a bankruptcy case.

16. To the extent not already in compliance, the Debtors' time to comply with the requirements of section 345(b) of the Bankruptcy Code is hereby extended for a period of 30 days from the Petition Date, without prejudice to the Debtors' right to seek a further extension of time or to deviate from the requirements of section 345 of the Bankruptcy Code on a final basis.

17. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or

otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

18. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

19. Within three (3) business days from the date of entry of this Interim Order, the Debtors will serve a copy of this Interim Order to the Banks at which the Bank Accounts are maintained and will request that each Bank internally code each of the Bank Accounts as "debtor in possession" accounts.

20. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

21. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

24. Notwithstanding anything to the contrary in this Interim Order or the Motion, the Debtors shall not send or authorize cash payments to any non-Debtor affiliates without the prior written consent of the Backstop Group.

25. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Interim Order.

Dated: October 9, 2018
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

01:23716663.1

# Exhibit 1

# Bank Accounts

| | Debtor | Bank | Account Number[1] | Account Type |
|---|---|---|---|---|
| 1. | Mattress Firm, Inc. | Bank of America, N.A. | 6973 | Cash and Check Depository Account |
| 2. | Mattress Firm, Inc. | Bank of America, N.A. | 1760 | Credit Card Depository Account |
| 3. | Mattress Firm, Inc. | Bank of America, N.A. | 1812 | General Disbursement Account |
| 4. | Mattress Firm, Inc. | Bank of America, N.A. | 4062 | Disbursement Account (customer refunds) |
| 5. | Mattress Firm, Inc. | Bank of America, N.A. | 1825 | Concentration Account (inactive) |
| 6. | Mattress Firm, Inc. | Bank of America, N.A. | 7339 | Disbursement Account |
| 7. | Mattress Firm, Inc. | Bank of Hawaii Corp. | 7730 | Cash and Check Depository Account |
| 8. | Mattress Firm, Inc. | Citizens Bank, N.A. | 7017 | Term Loan Depository Account |
| 9. | Mattress Firm, Inc. | JPMorgan Chase Bank, N.A. | 3679 | Primary Concentration Account |
| 10. | Mattress Firm, Inc. | JPMorgan Chase Bank, N.A. | 5179 | Cash and Check Depository Account |
| 11. | Mattress Firm, Inc. | JPMorgan Chase Bank, N.A. | 2856 | General Disbursement Account |
| 12. | Mattress Firm, Inc. | JPMorgan Chase Bank, N.A. | 2989 | Payroll Account |
| 13. | Mattress Firm, Inc. | JPMorgan Chase Bank, N.A. | 8961 | Adequate Assurance Account |
| 14. | Mattress Firm, Inc. | PNC Bank N.A. | 7444 | Cash and Check Depository Account |
| 15. | Mattress Firm, Inc. | Regions Bank | 4865 | Cash and Check Depository Account |
| 16. | Mattress Firm, Inc. | TD Bank, N.A. | 3463 | Cash and Check Depository Account |
| 17. | Mattress Firm, Inc. | Wells Fargo Bank, N.A. | 1382 | Secondary Concentration Account |
| 18. | Mattress Firm, Inc. | Wells Fargo Bank, N.A. | 7321 | Credit Card Depository Account |
| 19. | Mattress Firm, Inc. | Wells Fargo Bank, N.A. | 4566 | Third-Party Financing Depository Account |
| 20. | Mattress Firm, Inc. | Wells Fargo Bank, N.A. | 1390 | Cash and Check Depository Account |
| 21. | Mattress Firm, Inc. | Wells Fargo Bank, N.A. | 7219 | Disaster Relief Account |
| 22. | Mattress Firm, Inc. | Wells Fargo Bank, N.A. | 5704 | Mobile Check Depository Account |

---

[1] The last four digits of each Bank Account are listed.

01:23716663.1

## Exhibit 2

## Funds Flow Diagram

01:23716663.1



**In re Mattress Firm, Inc., et al.**  Case No. 18-12241 (CSS)
Debtor

## SCHEDULE OF RETAINERS PAID TO PROFESSIONALS
(This schedule is to include each Professional paid a retainer)

| Payee | Payment Date | Name of Payor | Amount | Amount Applied to Date | Balance |
|---|---|---|---|---|---|
| Sidley Austin LLP | MULTIPLE | Mattress Firm, Inc. | $3,632,702.05 | $3,522,137.12 | $110,564.93 |
| Young Conaway Stargatt & Taylor, LLP | 9/13/2018 | Mattress Firm, Inc. | $100,000.00 | $0.00 | $100,000.00 |
| Young Conaway Stargatt & Taylor, LLP | 9/27/2018 | Mattress Firm, Inc. | $150,000.00 | $0.00 | $150,000.00 |
| Eqiq Corporate Restructuring, LLC | 9/18/2018 | Mattress Firm, Inc. | $25,000.00 | $0.00 | $25,000.00 |
| A&G Realty Partners, LLC | 8/1/2018 | Mattress Firm, Inc. | $150,000.00 | $0.00 | $150,000.00 |
| A&G Realty Partners, LLC | 9/1/2018 | Mattress Firm, Inc. | $100,000.00 | $0.00 | $100,000.00 |
| AlixPartners, LLP | 6/29/2018 | Mattress Firm, Inc. | $400,000.00 | $0.00 | $400,000.00 |
| Guggenheim Securities, LLC | 10/3/2018 | Mattress Firm, Inc. | $300,000.00 | $0.00 | $300,000.00 |