**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 365** |

**DEBTORS' OBJECTION TO THE MOTION OF TEMPUR-PEDIC NORTH AMERICA, LLC, TEMPUR-PEDIC MANAGEMENT, LLC AND DAN-FOAM APS FOR ENTRY OF AN ORDER SHORTENING THE NOTICE PERIOD WITH RESPECT TO THE MOTION SEEKING ENTRY OF AN ORDER PURSUANT TO § 362(d) OF THE BANKRUPTCY CODE LIFTING THE AUTOMATIC STAY TO ALLOW TEMPUR-PEDIC NORTH AMERICA, LLC, TEMPUR-PEDIC MANAGEMENT, LLC AND DAN-FOAM APS TO PROCEED WITH PENDING DISTRICT COURT LITIGATION**

Mattress Firm, Inc. ("Mattress Firm") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") submit this objection (this "Objection") to the *Motion of Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC and Dan-Foam ApS for Entry of an Order Shortening the Notice Period with Respect to the Motion Seeking Entry of an Order Pursuant to § 362(d) of the Bankruptcy Code Lifting the Automatic Stay to Allow Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC and Dan-Foam ApS to Proceed with Pending District Court Litigation* [Docket No. 365] (the "Motion to Shorten") filed by Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC and Dan-Foam ApS (collectively, "Tempur Sealy" or the "Movants"). In opposition to the Motion to Shorten, the Debtors respectfully state as follows:

---

[1] The last four digits of Mattress Firm, Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/MattressFirm or by contacting counsel for the Debtors.

## BACKGROUND

**A.    General Background**

1.    On October 5, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

2.    On the Petition Date, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization for Mattress Firm, Inc. and Its Debtor Affiliates* [Docket No. 22] (the "Plan") and the related disclosure statement (the "Disclosure Statement") [Docket No. 23].  On October 9, 2018, the Court entered an order scheduling a combined hearing for November 16, 2018 at 9:30 a.m. (prevailing Eastern Time) to consider approval of the Disclosure Statement and confirmation of the Plan [Docket No. 181].  All classes of claims against the Debtors are unimpaired under the Plan.

3.    Additional information regarding the Debtors' business, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Hendré Ackermann in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 25].

**B.    Relevant Factual Background**

4.    Prior to the Petition Date, on August 28, 2018, Tempur Sealy filed the case captioned, *Tempur-Pedic North America, LLC v. Mattress Firm, Inc.*, Case No. 8:18-CV-02147-VMC-SPC, in the United States District Court for the Middle District of Florida, Tampa Division

(the "Florida District Court") asserting causes of action for trademark and trade dress infringement, dilution, and unfair competition under federal and state law against Debtor Mattress Firm and three additional unrelated defendants in connection with Debtor Mattress Firm's sale of mattresses under the "Therapedic" brand (the "Florida Action").

5.     On August 28, 2018, Tempur Sealy filed motions for a temporary restraining order and preliminary injunction against Mattress Firm in the Florida Action seeking to enjoin Mattress Firm from allegedly infringing upon the Tempur-Pedic brand.  On August 29, 2018, the Florida District Court entered an order denying the Motion for Temporary Restraining Order and referring the Motion for Preliminary Injunction to the magistrate judge for issuance of a report and recommendation on the requested relief.  Order [Florida Action Docket No. 12] (M.D. Fla. Aug. 29, 2018).  Tempur Sealed renewed its Motion for Temporary Restraining Order on August 30, 2018, which the Florida District Court also denied.  Order [Florida Action Docket No. 20] (M.D. Fla. Aug. 31, 2018).  The Florida District Court held a non-evidentiary hearing on September 25, 2018, at which time it heard argument on Tempur Sealy's Motion for Preliminary Injunction, and subsequently took the motion under advisement.

6.     On the Petition Date, the Florida District Court entered an order staying the Florida Action in light of the commencement of these chapter 11 cases.  Order [Florida Action Docket No. 94] (M.D. Fla. Oct. 5, 2018).

7.     On October 22, 2018, Tempur Sealed filed the *Motion Seeking Entry of an Order Pursuant to § 362(d) of the Bankruptcy Code Lifting the Automatic Stay to Allow Tempur-Pedic North America, LLC, Tempur-Pedic Management, LLC and Dan-Foam ApS to Proceed with*

*Pending District Court Litigation* [Docket No. 364] (the "<u>Stay Relief Motion</u>")[2] seeking entry of an order lifting the automatic stay imposed by section 362 of the Bankruptcy Code to allow Tempur Sealy to proceed with the Florida Action.  Concurrently therewith, Tempur Sealy filed the Motion to Shorten seeking to shorten the notice period required for the Stay Relief Motion from twenty-one (21) days to less than a week and fixing an objection deadline for the Stay Relief Motion that gives Mattress Firm just four (4) days to respond.

### OBJECTION

8.      The Motion to Shorten must be denied as it fails to satisfy the standard for shortened notice required by Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  Local Rule 9006–1 requires that all motion papers be filed and served at least eighteen (18) days (with an additional three (3) days if service is by first-class mail) prior to the hearing date.  Del. Bankr. L.R. 9006-1(c)(1).  Further, Local Rule 9006–1 mandates that objection deadlines be set so as to permit objections to be filed and served at least seven (7) days prior to the hearing date.  Del Bankr. L.R. 9006-1(c)(iii).  These rules ensure that parties in interest are provided with sufficient time to review the motion, analyze and assess whether the relief requested is appropriate, and prepare a thoughtful and well-reasoned response or objection to the relief requested.  This requisite notice period for the hearing on a motion may be shortened, but only upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice."    Del. Bankr. L.R. 9006-1(e); s*ee also* Fed. R. Bankr. P. 9006(c)(1) (authorizing the court to shorten notice in a variety of circumstances "for cause shown").

---

[2] The Debtors and their estates reserve any and all rights with respect to the relief requested in the Stay Relief Motion, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect such rights.

9.      As the Motion to Shorten makes clear, there is simply no reason the Stay Relief Motion cannot be considered on appropriate notice.  The Florida Action is presently stayed and, given the anticipated length of these cases, such stay will likely be relatively short.  While the Movants make much of their argument that an ongoing irreparable harm is occurring, the Movants do not acknowledge that they have made two requests for temporary restraining orders in the Florida Action that have both been denied, which should cast significant doubt on the validity of such assertions. Order [Florida Action Docket No. 12] (M.D. Fla. Aug. 29, 2018); Order [Florida Action Docket No. 20] (M.D. Fla. Aug. 31, 2018).[3]  Against this backdrop, the Movants should not be permitted to shorten notice of the Stay Relief Motion to less than a week, particularly after the Movants delayed two and a half weeks to file the Stay Relief Motion.

10.     Given the anticipated duration of these cases and the fact that litigation claims will ride through unaffected, it is entirely unclear to the Debtors why the Stay Relief Motion needs to be prosecuted at all.  As such, the Debtors submit that the Court should schedule a hearing on the Stay Relief Motion sometime after November 16, 2018—the date presently scheduled for the Court to consider confirmation of the Plan.  Granting a hearing date for the Stay Relief Motion in the latter half of November still permits the matter to be considered in roughly a month.  While such a schedule represents a slight delay past the minimum notice of twenty-one (21) days, there is a substantial chance that the Stay Relief Motion will be moot by that time because the Plan will have been confirmed and the effective date will be imminent (and in no event later than the end of the month).  But even if the Court is not inclined to proceed in the manner outlined above, the Debtors should be afforded the traditional notice period to consider and respond to the Stay Relief Motion.

---

[3]  The Debtors intend to address the substance of these rulings in more detail when they respond to the Stay Relief Motion.

## CONCLUSION

Any hearing on the Stay Relief Motion should be on appropriate notice, having given the Debtors (and all parties in interest) the opportunity to develop the factual record and present their case to the Court.  Based on the Movants' unexcused delay in filing the Stay Relief Motion and the impact that shortened notice would have on the Debtors, the Movants have blatantly failed to demonstrated cause to shorten notice, and, thus, the Debtors respectfully request that the Motion to Shorten be denied

Dated:  October 23, 2018          SIDLEY AUSTIN LLP
Wilmington, Delaware          Bojan Guzina
                              Matthew E. Linder
                              Michael Fishel
                              Blair M. Warner
                              One South Dearborn Street
                              Chicago, Illinois 60603
                              Telephone:  (312) 853-7000
                              Facsimile:  (312) 853-7036

                                    -and-

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP

                              */s/ Ashley E. Jacobs*
                              Robert S. Brady (No. 2847)
                              Edmon L. Morton (No. 3856)
                              Ashley E. Jacobs (No. 5635)
                              1000 North King Street
                              Wilmington, Delaware 19801
                              Telephone:  (302) 571-6600
                              Facsimile:  (302) 571-1253

                              PROPOSED ATTORNEYS FOR THE DEBTORS
                              AND DEBTORS IN POSSESSION