IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*, | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION TO THE
DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING DEBTORS TO (A) OBTAIN POSTPETITION
SECURED FINANCING PURSUANT TO SECTION 364 OF BANKRUPTCY
CODE AND (B) UTILIZE CASH COLLATERAL; (II) GRANTING LIENS AND
SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (III) GRANTING
ADEQUATE PROTECTION; (IV) MODIFYING AUTOMATIC STAY; (V)
SCHEDULING FINAL HEARING; AND (VI) GRANTING RELATED RELIEF**

Alexander Deitch files this limited objection to the debtor-in-possession financing motion of the above-referenced debtors (the "Debtors"). Mattress Firm, Inc. sued Mr. Deitch in Texas state court. *See Mattress Firm, Inc. v. Levy*, District Court of Harris County, Texas, 151 Judicial District, Cause No. 2017-73196. Mr. Deitch filed counterclaims against Mattress Firm, Inc. for tortious interference with his employment contract, tortious interference with his prospective contracts and business relations, and quantum meruit. *See* Defendant Alexander Deitch's Counterclaim ¶¶ 77-108. Based on section 506(a)(1) of the Bankruptcy Code, Mr. Deitch asserts secured claims based on his set off rights. In the alternative, to the extent Mr. Deitch's claims arise from the same transaction and occurrence as the Debtors' claims against him,[1] he asserts

---

[1] Mr. Deitch disputes the claims Mattress Firm, Inc. asserts against him.

1

recoupment rights. *In re Communication Dynamics, Inc.*, 300 B.R. 220, 227 (Bankr. D. Del. Del. 2003) (recoupment rights are not subordinate to security interests). In terms of Mr. Deitch's secured claim, given that Mr. Deitch did not (by definition) receive notice of the liens arising under the debtor-in-possession order for purposes of Tex. Bus. & Comm. Code § 9.404(a)(2) before Mr. Deitch's prepetition claims arose, Deitch has first priority with respect to such set off right. *See id.* at 223 (UCC financing statement is insufficient notice). It would appear that the Debtors are not purporting to prime or otherwise affect Mr. Deitch's set off or recoupment rights. Out of an abundance of caution, however, Mr. Deitch files this limited objection to avoid any uncertainty.

[remainder of page intentionally left blank]

4848-4644-1593, v. 1

WHEREFORE, Alexander Deitch objects to the relief the Debtors seek to the limited extent set forth above.

Dated:  October 24, 2018　　　　　　　　　PACHULSKI STANG ZIEHL & JONES LLP

　　　　　　　　　　　　　　　　　　　　*/s/ Bradford J. Sandler*
　　　　　　　　　　　　　　　　　　　　Bradford J. Stanford (DE Bar No. 4142)
　　　　　　　　　　　　　　　　　　　　919 North Market Street, 17th Floor
　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　(302) 652-4100   Telephone
　　　　　　　　　　　　　　　　　　　　(302) 652-4400   Facsimile
　　　　　　　　　　　　　　　　　　　　Email: bsandler@pszjlaw.com

　　　　　　　　　　　　　　　　　　　　Jeffrey N. Pomerantz
　　　　　　　　　　　　　　　　　　　　Pachulski Stang Ziehl & Jones
　　　　　　　　　　　　　　　　　　　　10100 Santa Monica Blvd., 13th Floor
　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90067-4003
　　　　　　　　　　　　　　　　　　　　(310) 277-6910   Telephone
　　　　　　　　　　　　　　　　　　　　(310) 201-0760   Facsimile

　　　　　　　　　　　　　　　　　　　　Kevin L. Ward
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 737020
　　　　　　　　　　　　　　　　　　　　Robert M.D. Mercer
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 502317
　　　　　　　　　　　　　　　　　　　　Andrea L. Pawlak
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 142541
　　　　　　　　　　　　　　　　　　　　SCHULTEN WARD TURNER & WEISS, LLP
　　　　　　　　　　　　　　　　　　　　260 Peachtree Street, Suite 2700
　　　　　　　　　　　　　　　　　　　　Atlanta, Georgia  30303
　　　　　　　　　　　　　　　　　　　　(404) 688-6800  Telephone
　　　　　　　　　　　　　　　　　　　　(404) 688-6840  Facsimile

　　　　　　　　　　　　　　　　　　　　*Counsel for Alexander Deitch*