# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 38 |

## FIRST OMNIBUS ORDER (I) AUTHORIZING DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (B) ABANDON CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Mattress Firm, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to (a) reject the Leases set forth on **Schedule 1** attached hereto and (b) abandon the Remaining Property, each effective as of the Rejection Date (as defined below) and (ii) granting related relief, all as more fully set forth in the Motion; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having

---

[1] The last four digits of Mattress Firm, Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/MattressFirm or by contacting counsel for the Debtors.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

01:23779788.1

been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Leases set forth on the attached **Schedule 1** are hereby rejected, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, effective with respect to each Lease as of the later of (a) October 31, 2018 and (b) the date on which the Debtors surrender possession of the Closing Store to the Lease counterparty by notifying the affected Lease counterparty in writing thereof and (i) turn over the store keys, key codes, or security codes, if any, to the Lease counterparty or (ii) notify the affected Lease counterparty in writing that the store keys, key codes, or security codes, if any, are not available and that the Lease counterparty may re-key the store (each such rejection effective date, the "Rejection Date").

3. The Debtors are authorized, but not directed, to abandon any Remaining Property located at the Closing Stores subject to the Leases, in the Debtors' sole discretion, free and clear of all liens, claims, encumbrances and rights of third parties, with such abandonment being effective as of the Rejection Date. The Lease counterparties are authorized to dispose of any Remaining Property without further notice or any liability to the Debtors or any third parties and without waiving any claims against the Debtors. The automatic stay is modified to the extent necessary to allow the disposition of any Remaining Property.

01:23779788.1

4.  Within two business days after entry of this Order, the Debtors shall serve a copy of this Order and the attached **Schedule 1** on the Lease counterparties.

5.  If a Lease counterparty wishes to assert a claim arising from the rejection of the Lease, the Lease counterparty shall file a proof of claim with the Debtors' claims and noticing agent before the deadline specified in the Notice of Effective Date to be filed by the Debtors with the Court. The Notice of Effective Date will be made available, together with other documents relating to lease rejections, on the website maintained by the Debtors' claims and noticing agent, at http://dm.epiq11.com/MFLeaseRejection. If a Lease counterparty fails to timely file a proof of claim, the Lease counterparty shall be forever barred from asserting a claim for damages arising from the rejection of the applicable Lease and from participating in any distributions made in connection with these chapter 11 cases on account of such claim. Proofs of claim and instructions for submission may be obtained at http://dm.epiq11.com/MFLeaseRejection.

6.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are

valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

7. By entry of this Order, the Debtors do not waive any claims that they may have against any Lease counterparty, whether or not such claims arise under, are related to the rejection of, or are independent of the Leases.

8. Nothing herein shall prejudice the rights of the Debtors to argue that any of the Leases were terminated prior to the Petition Date; that any claim for damages arising from the rejection of the Leases is limited to the remedies available under any applicable termination provision of such Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

10. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are waived by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: October 25, 2018
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

01:23779788.1