# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 211 |

## ORDER (I) APPROVING PROCEDURES FOR REJECTING UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY, (II) AUTHORIZING THE DEBTORS TO ENTER INTO AMENDMENTS TO CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Mattress Firm, Inc. and its affiliated debtors and debtors in possession in the above above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Order") (i) approving and authorizing the Debtors to implement the Lease Rejection Procedures, (ii) authorizing the Debtors to enter into amendments to certain of the Remaining Leases to the extent such amendments are deemed to be outside the ordinary course of business, and (iii) granting related relief, all as more fully set forth in the Motion; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief

---

[1] The last four digits of Mattress Firm, Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/MattressFirm or by contacting counsel for the Debtors.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

01:23779779.1

requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The following Lease Rejection Procedures are approved in their entirety in connection with the Debtors' rejection of unexpired leases of nonresidential real property in their discretion:[3]

    (a)    ***Rejection Notice.*** To reject an unexpired lease of nonresidential real property (such leases to be rejected, including any amendments or modifications thereto or subleases thereof, collectively, the "Specified Leases") pursuant to section 365 of the Bankruptcy Code, the Debtors shall file with the Court a notice, substantially in the form attached to this Order as **Exhibit 1** (each a "Rejection Notice"), which Rejection Notice shall contain, among other things, the following information: (i) the Specified Leases to be rejected, listed on **Annex A** to the Rejection Notice; (ii) the Debtor or Debtors party to such Specified Leases; (iii) the street address of the Debtors' stores subject to the Specified Leases; (iv) the names and contact information of the non-Debtor counterparties to the Specified Leases (each a "Lease Counterparty" and, collectively, the "Lease Counterparties"); (v) the proposed effective date of the rejection for each of the Specified Leases (as applicable, the "Rejection Date"); and (vi) the deadlines and procedures for filing an objection to the Rejection Notice (as set forth below). A Rejection Notice may list multiple Specified Leases; provided, however, that the number of Specified Leases on any Rejection Notice shall not exceed 100. The Debtors may file one or more Rejection Notices after the Effective Date until the date that is three (3) business days after the termination of the Post-Effective Date Lease Negotiation Period to reflect their decision, if any, to reject Specified Leases listed on the Schedule of Post-Effective Date Negotiated Leases with the consent of the applicable Lease Counterparties.

---

[3] All capitalized terms used but not otherwise defined in the Lease Rejection Procedures shall have the meanings ascribed to such terms in the Plan. All of the time periods set forth in the Lease Rejection Procedures shall be computed in accordance with Bankruptcy Rule 9006.

01:23779779.1

(b)     ***Service of Rejection Notice.*** The Debtors shall cause each Rejection Notice to be served by overnight mail upon (i) the Lease Counterparties affected by the Rejection Notice at the notice address set forth in the applicable Specified Leases, (ii) counsel to the Lease Counterparties, if known to the Debtors, (iii) all parties known or reasonably anticipated to have an interest in the Personal Property (as defined below) that the Debtors intend to abandon, if applicable, (iv) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (v) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis, (vi) counsel to the DIP Agents, (vii) counsel to the Prepetition ABL Agent, (viii) counsel to the Prepetition Term Loan Lender, (ix) the Internal Revenue Service, (x) the United States Attorney's Office for the District of Delaware, (xi) United States Department of Justice, (xii) the United States Securities and Exchange Commission, (xiii) the state attorneys general in which the Debtors conduct business, and (xiv) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

(c)     ***Objection Procedures.*** Any party objecting to the Debtors' rejection of a Specified Lease and/or abandonment of Personal Property, including, without limitation, Lease Counterparties, shall file with the Court and serve a written objection (each an "Objection") so as to be actually received by the following parties (collectively, the "Objection Service Parties") no later than 4:00 p.m. prevailing Eastern Time on the fourteenth (14th) day after the Debtors' filing and service of the relevant Rejection Notice (such deadline, the "Objection Deadline"): (i) the Debtors, Mattress Firm, Inc., 10201 S. Main Street, Houston, Texas 77025, Attn: Kindel Elam; (ii) proposed counsel to the Debtors, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, Attn: Bojan Guzina and Matthew E. Linder; (iii) proposed co-counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton and Ashley E. Jacobs; (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Richenderfer; (v) counsel to the DIP Agents and Prepetition ABL Agent, Paul Hastings LLP, MetLife Building, 200 Park Avenue, New York, New York 10166, Attn: Andrew V. Tenzer and Michael E. Comerford, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn: Mark D. Collins and Jason M. Madron, and Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110-1726, Attn: Marc R. Leduc; (vi) counsel to the Prepetition Term Loan Lender, Linklaters LLP, 601 13th Street NW #400, Washington, D.C. 20005, Attn: Amy Edgy, and 1345 6th Avenue, New York, New York 10105, Attn: Christopher Hunker; (vii) co-counsel to the exit term loan financing backstop group (the "Backstop Group"), Latham & Watkins LLP, 885 Third Avenue, New

01:23779779.1

3

    York, New York 10022, Attn: Adam Goldberg, and Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, Attn: William Bowden; and (viii) the Notice Parties. Each Objection must state with specificity the legal and factual grounds for the objection to the rejection of the relevant Specified Leases.

(d)  ***Failure to Timely File Objection.*** If no Objection is timely filed and properly served as specified above with respect to a Specified Lease, the Debtors may, 24 hours after the Objection Deadline has expired, file with the Court under certification of counsel a proposed order, substantially in the form attached to the Rejection Notice as **Annex B** (each, a "Rejection Order"), authorizing the Debtors to reject the Specified Lease as of the Rejection Date, and the Court may enter such Rejection Order without further notice or hearing.

(e)  ***Rejection Date.*** The Rejection Date for a Specified Lease shall be the latest to occur of the following: (i) the Rejection Date specified in the Rejection Notice; and (ii) the date on which the Debtors surrender possession of the store subject to the relevant Specified Lease to the Lease Counterparty by notifying the affected Lease Counterparty in writing thereof and (A) have turned over the store keys, key codes, or security codes, if any, to the Lease Counterparty or (B) have notified the affected Lease Counterparty in writing that the store keys, key codes, or security codes, if any, are not available and that the Lease Counterparty may re-key the store; provided, however, that the Debtors shall seek a Rejection Date for a Specified Lease that is earlier than the Objection Deadline only if the Rejection Notice provides that the Debtors shall not withdraw the Rejection Notice with respect to such Specified Lease absent the consent of the applicable Lease Counterparty.

(f)  ***Timely Objection.*** If an Objection is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such Objection and provide the Lease Counterparty and the Objection Service Parties with at least seven (7) days' notice of such hearing. If the Objection is overruled or withdrawn, then the Specified Lease to which the Objection relates shall be rejected as of (i) the Rejection Date, (ii) such other date to which the Debtors and the applicable Lease Counterparty may agree, or (iii) as otherwise ordered by the Court.

(g)  ***Treatment of Deposits.*** If the Debtors have deposited funds with a Lease Counterparty as a security for their performance under a Specified Lease or other similar arrangement (each a "Deposit"), to the extent the Lease Counterparty retains all or a portion of the Deposit as of the Petition Date, such Lease Counterparty shall not be permitted to set off, recoup, apply, or otherwise use such Deposit without the prior authorization of this Court,

unless the Debtors and the applicable Lease Counterparty otherwise agree, in consultation with the Backstop Group.

(h) ***Abandoned Personal Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to abandon any personal property located at the premises subject to a Specified Lease (such property, the "Personal Property").  The Debtors shall generally describe the Personal Property in the Rejection Notice and provide an estimate of the book value of the Personal Property, if practicable.  Absent the timely filing and proper service of an Objection, the Personal Property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  For the avoidance of doubt, any and all property located on the Debtors' leased premises on the Rejection Date of a Specified Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date, regardless of whether such property was described in the applicable Rejection Notice.  A Lease Counterparty may, in its discretion and without further notice to or order of the Court, use and/or dispose of any Personal Property without notice to the Debtors or third parties, and without liability to the Debtors or any third parties, and, to the extent applicable, the automatic stay is modified pursuant to section 362(d) of the Bankruptcy Code to allow such use and/or disposition of Personal Property.  The rights, if any, of Lease Counterparties to file claims against the Debtors for the costs of disposal of Personal Property are fully reserved, as are the rights of all parties in interest to object to any such claims.

(i) ***Proofs of Claim***.  If a Lease Counterparty wishes to assert a claim arising from the rejection of a Specified Lease, the Lease Counterparty shall file with the Debtors' claims and noticing agent a proof of claim, substantially in the form attached to the Rejection Notice as **Annex C**, before the deadline specified in the Notice of Effective Date to be filed by the Debtors with the Court.  The Notice of Effective Date will be made available, together with copies of other documents relating to lease rejections, on a website maintained by the Debtors' claims and noticing agent, at http://dm.epiq11.com/MFLeaseRejection.  If a Lease Counterparty fails to timely file a proof of claim, the Lease Counterparty shall be forever barred from asserting a claim for damages arising from the rejection of the applicable Specified Lease and from participating in any distributions made in connection with these chapter 11 cases on account of such claim.  Proofs of claim and instructions for submission may be also obtained at http://dm.epiq11.com/MFLeaseRejection.

01:23779779.1

3. Approval of the Lease Rejection Procedures and this Order shall not prevent the Debtors from seeking to reject or assume an unexpired lease of nonresidential real property by separate motion.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and any Rejection Notices.

5. The Debtors are authorized, in their discretion and without the need for further application to the Court, to enter into one or more amendments to the Remaining Leases on terms that, in the Debtors' business judgment, provide a net benefit to the Debtors' estates.

6. The Debtors shall not terminate property insurance coverage for any leased property subject to a Specified Lease until entry of a Rejection Order for such Specified Lease.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order, the Lease Rejection Procedures, or any Rejection Notice shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; or (e) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law.

8. By entry of this Order, the Debtors do not waive any claims that they may have against any Lease Counterparty, whether or not such claims arise under, are related to the prospective rejection of, or are independent of the applicable unexpired lease(s) of nonresidential real property.

01:23779779.1

9. Nothing herein shall prejudice the rights of the Debtors to argue that any unexpired lease of nonresidential real property terminated prior to the Petition Date; that any claim for damages arising from the prospective rejection of such a lease is limited to the remedies available under any applicable termination provision of such lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

10. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: October, 2018
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

01:23779779.1