## EXHIBIT B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. —91** |

## ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME THE EXIT COMMITMENT LETTER, (II) APPROVING THE COMMITMENT FEE, AND (III) AUTHORIZING THE DEBTORS TO FILE THE EXIT FACILITIES FEE LETTER UNDER SEAL

Upon the motion dated October 5, 2018 (the "Motion"),[2] of Mattress Firm, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for an order (the "Order") (I) authorizing the Debtors to ratify, reaffirm, and assume that certain commitment letter, a copy of which is attached to the Motion as **Exhibit B** (including all attachments thereto, the "Exit Commitment Letter"), relating to secured exit financing facilities consisting of (x) a new senior secured asset-based revolving credit facility in an aggregate principal amount of up to $125,000,000 (the "ABL Facility"), and (y) a new senior secured term loan credit facility in the aggregate principal amount of $400,000,000 (the "Term Facility" and, together with the ABL Facility, the "Exit Facilities"); (II) approving that certain Commitment Fee (the "Commitment Fee") set forth in a fee letter relating to such proposed exit financing (the "Exit Facilities Fee Letter"; and together with the Exit Commitment Letter, collectively, the "Exit Financing Commitment Documents"); and (III) authorizing the Debtors to

---

[1] The last four digits of Mattress Firm, Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq.com/MattressFirm or by contacting counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

file the Exit Facilities Fee Letter under seal, all as more fully described in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no trustee or examiner having been appointed in these chapter 11 cases; and notice of the Motion having been provided and upon all the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that pursuant to sections 105 and 363(b) of the Bankruptcy Code, the Exit Commitment Letter, and the terms provided therein, are hereby approved as set forth herein; and it is further

ORDERED that the Debtors are authorized to ratify, reaffirm and assume the Exit Commitment Letter pursuant to section 363 of the Bankruptcy Code and to negotiate, prepare and finalize the documentation evidencing or otherwise effectuating the Exit Facilities, and, if the Plan is confirmed, to enter into the Exit Facilities in connection with consummation of the Plan; and it is further

ORDERED that the Commitment Fee is hereby approved and the obligations hereunder set forth in the Exit Facilities Fee Letter are deemed to be a superpriority administrative expense under section 503(b)(1), and the Debtors shall pay the Commitment Fee in full in cash within

Error!

2

one (1) business day of the closing of an Alternate Transaction, without the need for notice, opportunity for objection, further approval of this Court, or the filing of any interim or final fee application by the Commitment Parties; provided, however, that to the extent any demand is made of the Debtors for payment of fees or expenses other than the Commitment Fee pursuant to the Exit Financing Commitment Documents prior to the Closing Date, the Payment Notification Provisions set forth below shall apply and, for the avoidance of doubt, written objections may be asserted only by the Debtors, the DIP Agents, the Backstop Group, the PSA Parties, the U.S. Trustee and any Committee (if appointed) (collectively, the "Fee Notice Parties"), which must contain a specific basis for the objection and quantification of the undisputed amount of the requested fees or expenses, as applicable; and it is further

ORDERED that, notwithstanding anything herein to the contrary, this Order does not authorize the Debtors to borrow any funds under the Exit Commitment Letter or to pledge any assets to secure any obligations under the Exit Facilities, all of which will be subject to approval in connection with confirmation of the Debtors' plan of reorganization; and it is further

ORDERED that the automatic stay of section 362 of the Bankruptcy Code is hereby deemed modified to the extent necessary to enable the Commitment Parties to perform under the Exit Financing Commitment Documents and, in each case, to exercise any and all of their contractual rights thereunder, without seeking further relief from the automatic stay, and neither the Debtors nor any other party in interest may enforce the automatic stay against the Commitment Parties with respect to these rights; and it is further

ORDERED that the Debtors are authorized to file the Exit Facilities Fee Letter under seal, which shall remain under seal and confidential and shall not be made available to anyone without the written consent of the Debtors and the Commitment Parties; provided that the Exit

Error!

Facilities Fee Letter may be disclosed to the Limited Notice Parties on a confidential basis and the fees set forth in the Exit Facilities Fee Letter have been disclosed on the record at the hearing on this Motion; and it is further

ORDERED that service of the Motion with all exhibits, without transmittal of the Exit Facilities Fee Letter (other than with respect the transmittal to the Limited Notice Parties), to all parties entitled to receive notice of the Motion, is hereby deemed due and sufficient notice under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and it is further

ORDERED that the Limited Notice Parties shall be bound by this Order and shall at all times keep the Exit Facilities Fee Letter strictly confidential and shall not disclose its contents to any party whatsoever, except as otherwise agreed to in writing by the Debtors and the Commitment Parties; and it is further

ORDERED that notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry, and shall not be stayed; and it is further

ORDERED that the Debtors are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion and to implement the Exit Financing Commitment Documents; and it is further

ORDERED that the terms and provisions of this Order shall be binding in all respects upon all parties in these cases, the Debtors, their estates, and all successors and assigns thereof, including any chapter 7 trustee or chapter 11 trustee appointed in any of these cases or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code or any plan agent, administrator or trustee no matter how denominated; and it is further

ORDERED that the provisions and effect of this Order, any actions taken pursuant to this Order and the respective rights, obligations, remedies and protections provided for herein and therein shall survive the conversion, dismissal or closing of these cases, appointment of a

Error!

trustee herein (or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code), or the substantive consolidation of these cases with any other case or cases, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of any ~~such~~ order approving the actions set forth in this paragraph; and it is further

ORDERED that nothing contained in any chapter 11 plan or proposed by the Debtors in any of these cases or any order confirming any plan or in any other order in these cases or entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code shall alter, conflict with, or derogate from, the provisions of this Order; and it is further

Error!

ORDERED that to the extent there is any conflict between this Order and the terms of any of the Exit Financing Commitment Documents, the terms of this Order shall control over the Exit Financing Commitment Documents; and it is further

ORDERED that, prior to the Closing Date, with respect to any request for payment by the Debtors of fees or expenses (other than the Commitment Fee) under the Exit Financing Commitment Documents, an invoice shall be provided to the Debtors substantially in the form provided to the Debtors to date describing such fees and expenses (provided, however, that any such invoice may be redacted to protect privileged, confidential or proprietary information), with a copy of such invoice also provided to the Fee Notice Parties, and the Debtors shall pay the invoiced amounts within five (5) business days of delivery of such invoice (the "Objection Deadline"), except that if the Debtors receive an objection or objections to payment of such fees and expenses prior to the Objection Deadline, which objections may only be asserted by the Fee Notice Parties, and which must contain a specific basis for the objection and quantification of the undisputed amount of the fees and expenses invoiced, then the Debtors shall only be required to pay the undisputed amount of the invoice and the Court shall have jurisdiction to determine the disputed portion of such invoice if the parties are unable to resolve the dispute; provided that failure to object prior to the Objection Deadline, as well as failure to object with specificity and failure to quantify the undisputed amount of the invoice subject to such objection will each constitute a waiver of any objection to such invoice; and provided further that none of the fees and expenses shall be subject to Court approval or required to be maintained in accordance with the U.S. Trustee Guidelines and no recipient of any such payment shall be required to file with respect thereto any interim or final fee application with the Court; (the provisions of this paragraph collectively the "Payment Notification Provisions"); and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated:  October ⎯⎯29, 2018
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

Error!

6