## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., *et al.*,[1] | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 11 & 178 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY ALL TRADE CLAIMS IN THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Mattress Firm, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Final Order"), pursuant to sections 105(a), 362(d), 363(b), and 503(b)(9) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not requiring, the Debtors to (a) pay, in full, all allowed prepetition claims for goods or services related to the Debtors' operations and other ordinary course claims (collectively, the "Trade Claims") of creditors in the ordinary course of business, including, but not limited to, vendors of goods and services (collectively, the "Trade Creditors"), (ii) authorizing applicable banks and other financial institutions to honor and process related checks and transfers, and (iii) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference*

---

[1] The last four digits of Mattress Firm, Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. This information may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/MattressFirm or by contacting counsel for the Debtors.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

01:23725488.3

from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to satisfy Trade Claims in the ordinary course of business, in an amount not to exceed $180,500,000, subject to the following conditions:

    (a) Unless the parties agree to different terms and conditions, if a Trade Creditor accepts payment under this Final Order, such Trade Creditor shall be deemed to have agreed to continue to provide goods and/or services to the Debtors, on terms that are no less favorable to the Debtors than the terms and conditions (including credit terms) that existed 180 days prior to the Petition Date (prior to any unilateral acceleration), or on other terms satisfactory to the Debtors in the reasonable exercise of their business judgment (such terms, the "<u>Customary Trade Terms</u>"), during the pendency of these chapter 11 cases;

(b) If the relationship between a Trade Creditor accepting payment under this Final Order and the Debtors does not precede the Petition Date by 180 days, "Customary Trade Terms" shall mean the terms that the Trade Creditor generally extends to its customers or such terms as are acceptable to the Debtors in the reasonable exercise of their business judgment;

(c) If a Trade Creditor, after receiving a payment on account of its Trade Claim, ceases to provide Customary Trade Terms or otherwise fails to perform under a contract with a Debtor, the Debtors' rights shall be reserved, and the Debtors may seek the approval of this Court on notice to the Trade Creditor to (a) deem such payment to apply to post-petition amounts payable to such Trade Creditor, if applicable, or (b) take any and all appropriate steps to cause such Trade Creditor to repay payments made to it on account of its prepetition Trade Claims to the extent that such payments exceed the post-petition amounts then owing to such Trade Creditor; and

(d) Prior to making a payment to a Trade Creditor under this Final Order, the Debtors may, in their discretion, settle all or some of the Trade Claims of such Trade Creditor for less than their face amount without further notice or hearing.

3. If a Trade Creditor, after receiving payment on account of a Trade Claim, ceases to provide Customary Trade Terms or otherwise fails to perform under a contract with a Debtor, the Debtors, in their sole discretion, may then take any and all appropriate steps to cause such Trade Creditor to repay payments made to it on account of its prepetition Trade Claim to the extent that such payments exceed the postpetition amounts then owing to such Trade Creditor.

4. The Banks are authorized, at the Debtors' request, (i) to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing to the extent directed by the Debtors in accordance with the Motion and to the extent the Debtors have sufficient funds standing to their credit with such Bank, whether such checks were presented or electronic requests were submitted before or after the Petition Date and (ii) authorize all Banks to rely on the Debtors' designation of any particular check or electronic payment request as appropriate pursuant to this Motion, without any duty of further inquiry, and without liability for following the Debtors' instructions.

5. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Final Order whether presented prior to or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions. The Debtors are authorized to issue postpetition checks, or to effect postpetition wire transfer requests, in replacement of any checks or transfers in respect of the payments authorized to be paid pursuant to this Final Order that are dishonored or rejected.

6. Nothing in this Final Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors. Any payment made pursuant to this Final Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Final Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

8. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11. Notwithstanding anything to the contrary in this Final Order or the Motion, any payment, obligations, or other relief authorized by this Final Order shall be subject to the terms, conditions, and limitations contained in the orders of this Court approving the Debtors' entry into and performance under the debtor-in-possession financing documents and cash collateral use, including any budget in connection therewith.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Final Order.

Dated: October 26, 2018
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE