IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MATTRESS FIRM, INC., et al., | Case No. 18-12241 (CSS) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF COLUMBUS NORTH ASSOCIATES, LP, BLUE MOUNTAIN IPG ASSOCIATES, PENNSYLVANIA REAL ESTATE INVESTMENT TRUST, GOODMILL, LLC, GOOD-WASH PROPERTIES, LLC, NORTH BALTIMORE REALTY ASSOCIATES, AND AIRPORT ASSOCIATES, LP TO DEBTORS' NOTICE OF CURE AMOUNTS RELATING TO UNEXPIRED LEASES THAT <u>THE DEBTORS MAY ASSUME PURSUANT TO THE PLAN</u>**

Columbus North Associates, LP ("Columbus North"), Blue Mountain IPG Associates ("Blue Mountain"), Pennsylvania Real Estate Investment Trust ("PREIT"), Goodmill, LLC, Good-Wash Properties, LLC, North Baltimore Realty Associates, and Airport Associates, LP (collectively, the "Objecting Landlords"), by and through their undersigned attorneys, hereby file their objection to the cure amounts set forth in the respective Notice of Cure Amounts Relating to Unexpired Leases that the Debtors May Assume Pursuant to the Plan (each, a "Cure Notice"), and respectfully represent in support thereof as follows:

**BACKGROUND**

1.     On October 5, 2018 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. The Objecting Landlords are lessors under leases of nonresidential real property as to which one of the Debtors is the lessee.

3. On the Petition Date, the Debtors filed a Joint Prepackaged Plan of Reorganization (the "Plan"). Pursuant to the Plan, the Debtors will assume certain nonresidential real property leases.

4. On October 22, 2018, the Objecting Landlords received the respective Cure Notices annexed hereto and made a part hereof as Exhibits "A" through "G", which indicate that the Debtors' leases with the Objecting Landlords may be assumed.

5. While the Objecting Landlords do not object to the confirmation of the Plan or the assumption of their respective leases, they hereby object to the stated cure amounts described in the Cure Notices.

## RELIEF REQUESTED

6. The discrepancies between the stated cure amounts and the actual amounts required to cure defaults under the Objecting Landlords' leases as of October 9, 2018 (the "Actual Claim Amounts"), which include unpaid pre- and post-petition amounts presently due under such leases, are illustrated in the following chart:

|  | Landlord | Actual Claim Amount | Stated Cure Amount | Discrepancy |
|---|---|---|---|---|
| A. | Columbus North | $19,845.49 | $17,452.22 | $2,393.22 |
| B. | Blue Mountain | $24,063.27 | $12,972.00 | $11,091.27 |
| C. | PREIT | $32,885.85 | $13,764.05 | $19,121.90 |
| D. | Goodmill, LLC | $28,485.52 | $16,455.36 | $12,030.16 |
| E. | Good-Wash Properties, LLC | $32,213.35 | $12,084.26 | $20,129.09 |

| F. | North Baltimore Realty Associates | $33,450.91 | $13,556.77 | $19,894.14 |
| G. | Airport Associates, LP | $42,915.07 | $18,571.13 | $24,343.94 |

7. Detailed summaries of the Actual Claim Amounts are set forth in the respective aging reports annexed hereto and made a part hereof as Exhibits "H" through "N".

8. In order to assume the Objecting Landlords' leases, the Debtors are required to cure defaults existing under such leases pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

9. The Debtors' cure calculations as reflected in the Cure Notices understate the Debtors' cure obligations in relation to the amounts actually owed under the relevant leases. Pursuant to § 1129(a)(1) and (2) of the Bankruptcy Code, both the Plan and the Debtors, as proponents of the Plan, are required to comply with the applicable provisions of the Bankruptcy Code. To the extent that the implementation of the Plan is dependent upon the assumption of the Objection Landlords' leases at confirmation, the Plan cannot be confirmed where the Debtors fail to satisfy their cure obligations in accordance with § 365(b).

## RESERVATION OF RIGHTS

10. The Objecting Landlords specifically reserve their rights to object to any other relief sought by the Debtors in connection with the assumption of the applicable leases, including, without limitation, the Debtors' proposed adequate assurance of future performance.

**CONCLUSION**

11. For the foregoing reasons, the Objecting Landlords seek an order of this Court fixing the Debtors' respective cure obligations under the applicable leases in the amounts set forth herein (less any payments made by the Debtors on account of such sums prior to the assumption of the leases plus any additional post-petition amounts accruing under such leases through the date thereof) and directing the Debtors promptly to satisfy such amounts following the entry of an order confirming the Plan pursuant to §1129 of the Bankruptcy Code.

WHEREFORE, the Objecting Landlords respectfully request the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated: October 30, 2018

**CARBINO LAW**

By: _/s/ Jeffrey M Carbino_
Jeffrey Carbino, Esquire (DE Bar No. 4062)
3712 Highland Avenue
Drexel Hill, PA 19026-3103
Telephone: (215) 234-3333
Email: jeffreycarbino@gmail.com

- and -

Jeffrey Kurtzman, Esquire
**KURTZMAN | STEADY, LLC**
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

Attorneys for Columbus North Associates, LP, Blue Mountain IPG Associates, Pennsylvania Real Estate Investment Trust, Goodmill, LLC, Good-Wash Properties, LLC, North Baltimore Realty Associates, and Airport Associates, LP