UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) ) | |
| ) | Chapter 11 |
| MATTRESS FIRM, INC. et al., *et al*,.[1] ) ) | Case No. 18-12241 (CSS) |
| Debtors. ) ) | (Jointly Administered) |
| ) ) | Related to Docket No. 12, 333 |
| ) | |

## CBL & ASSOCIATES MANAGEMENT, INC.'S LIMITED OBJECTION TO DEBTOR'S STATED CURE AMOUNTS

CBL & Associates Management, Inc. ("CBL"), by and through counsel and as managing agent to certain landlords (the "Landlords")[2], hereby files this Limited Objection (the "Objection") to Debtor's *Notice of Cure Amounts Relating to Unexpired Leases That the Debtors May Assume Pursuant to the Plan* (the "Cure Notice"), and states as follows:

1. On October 5, 2018 (the "Petition Date"), Mattress Firm, Inc., and certain affiliates (collectively, the "Debtors") filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Debtors have continued to operate their business and manage their properties as debtor's-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[3]

---

[1] The last four digits of Mattress Firm Inc.'s federal tax identification number are 6008. The Debtors' mailing address is 10201 S. Main Street, Houston, Texas 77025. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification may be obtained on the website of the Debtors' noticing and claims agent at http://dm.epiq11.com/MattressFirm or by contacting counsel for the Debtors or the undersigned counsel.

[2] CBL is managing agent to landlord counter-parties to six (6) leases, including the landlords of the three (3) properties referenced below in Table 1.

[3] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy

3. On the Petition Date, Debtors filed their *Joint Prepackaged Chapter 11 Plan of Reorganization for Mattress Firm, Inc. and Its Debtor Affiliates* [Docket No. 22].

4. On the Petition Date, Debtors filed their Cure Notice [Docket No. 333].

5. Debtors leased space from Landlords pursuant to six (6) unexpired leases of nonresidential real property (the "CBL Leases").

6. The CBL Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d. Cir. 1990).

7. As of the date of this Objection, a rejection order [Docket No. 406] has been issued for two (2) of the CBL Leases – although such rejections are not effective until the later of October 31, 2018 or the date Debtors return the keys to the Landlords.[4]

8. Debtors failed to include a list of cure for the remaining CBL Leases in the Cure Notice on the Court's docket. Rather, the Cure Notice stated that Debtors will be individually mailing the specific cure amounts to individual landlords. As of the date of this Objection, CBL was received a notice for only one location.[5]

9. Further, counsel for CBL reached out directly to five attorneys for Debtors (as listed on the Cure Notice signature block) and requested the cure amounts for the CBL Leases. To date, none of Debtors' counsel has responded to CBL's inquiries.

## CURE CLAIM OBJECTION

10. Section 365(b) provides in pertinent part as follows:

---

Code").

[4] Debtors have also filed a rejection motion [ Docket No. 334] as to one (1) additional location. However, the objection deadline for such rejection motion does not expire prior to the objection deadline for the Cure Notice.

[5] While Debtors may have sent the notices to individual CBL locations, such notices have not been located by the Legal Collections Department at CBL.

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

11. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The CBL Lease provides for recovery of attorneys' fees and expenses. CBL hereby objects to assumption of the CBL Leases listed in the Cure Notice absent payment of CBL's attorneys' fees and expenses.

12. As of the date of this Objection, CBL Objects to the cure amounts proposed for four (4) CBL Leases that may or may not be included in Debtors' Notice. CBL herein reserves the right to file supplementary cure objections.

13. The proposed cure amounts are either not yet stated or understated, as of the date of this Objection, as to the below four (4) locations as indicated in the below table:

[*Remainder of Page Left Intentionally Blank*]

**TABLE 1:**

| Property Name | Property Location | Debtor Proposed Cure Amounts | CBL Lease Cure Amounts[6] | Attorneys' Fees | Total Cure Amount |
|---|---|---|---|---|---|
| CoolSprings Crossing | Chattanooga, TN | ? | $15,441.35 | $500.00 | $15,941.35 |
| Shops at Eastgate | Cincinnati, OH | ? | $12,656.16 | $500.00 | $13,156.16 |
| Pearland Town Center | Pearland, TX | $25,101.85 | $26,903.99 | $500.00 | $27,403.99 |
| York Town Center | York, PA | ? | $18,394.05 | $500.00 | $18,894.05 |

14.     CBL further objects to the assumption of the CBL Leases absent payment of all cure amounts owed thereunder from October 30, 2018 through the effective date of assumption, including any amounts that will become due or be invoiced on or after October 30, 2018 (including, but not limited to, additional amounts, not yet known, that accrued following October 30, 2018, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

15.     True and correct Lease Summaries supporting the actual CBL Lease Cure Amounts contained in Table 1 are attached hereto and incorporated collectively as **Exhibit A.**

---

[6] The cure amounts specified in this chart do not reflect any amounts that will become due or be invoiced on or after the date of this Objection, or attorneys' fees and costs, and CBL reserves all of its rights with respect thereto. CBL further avers that additional amounts, not yet known, may be due with regard to calendar year 2017, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance. CBL further reserves all rights with respect thereto.

**JOINDER**

16.     In addition to the foregoing, CBL further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

**RESERVATION OF RIGHTS**

17.     CBL hereby reserves its rights to make such other and further objections as may be appropriate to all CBL leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

**CONCLUSION**

18.     For the reasons set forth above, CBL respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the CBL Leases affirmatively require Debtors to pay all amounts accrued but not yet billed following October 30, 2018, including attorneys' fees and expenses; and (iii) grant CBL such further relief as it deems proper.

Date: October 31, 2018
Wilmington, DE

                                              HOGAN♦McDANIEL

*/s/Garvan F. McDaniel*
Garvan F. McDaniel (DE Bar No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

*ATTORNEY FOR CBL & ASSOCIATES MANAGEMENT, INC*