UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MATTRESS FIRM INC,. et al | ) | Case No. 18-12241 CSS |
| | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION TO CONFIRMATION OF JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION FOR MATTRESS FIRM INC. AND ITS DEBTOR AFFILIATES**

The Robford Company, L.L.C. ("**Robford**"), by and through its attorneys, Buechler & Garber, LLC, for its Objection to Confirmation of Joint Prepackaged Chapter 11 Plan of Reorganization (the "**Plan**") for Mattress Firm Inc. ("**Mattress Firm**") and its Debtor Affiliates (collectively, the "**Debtors**") respectfully states:

**THE LEASE**

1. Robford is the owner of the commercial premises located at 1000 South Colorado Boulevard, Suite 108, Glendale, Colorado 80246 (the "**Premises**").

2. On or about February 16, 2011, with Robford as landlord and a predecessor entity of the Debtor (the "**Predecessor Entity**") as tenant entered into the commercial real property lease governing the occupancy of the Premises (the "**Lease**"). On or about March 3, 2014, the Predecessor Entity and Mattress Firm entered into an Assignment and Assumption of Leases (the "**Assignment**"). Pursuant to the terms of the Assignment, Mattress Firm assumed all obligations under the Lease.

**BACKGROUND**

3. The Debtors filed their Voluntary Petitions for relief under Chapter11 of the Bankruptcy Code on October 4, 2018 (the "**Petition Date**").

4. On the Petition Date, the Debtors also filed the Plan. The Plan generally provides

three potential treatments for each of the Debtors' commercial real property leases: (a) rejection of the lease; (b) assumption of the lease under the lease terms; or (c) assumption of the lease subject to renegotiated terms.

5. On October 19, 2018, the Debtors filed with the Bankruptcy Court their Notice of Cure Amounts. The Debtors did not file a master list of the leases it intended to cure, or the proposed cure amounts. Pursuant to the lease assumption procedures, a Notice of Cure is to be sent separately to each individual landlord. Robford has not received a Notice of Cure indicating its lease is to be assumed or what cure amount the Debtors propose.

6. During the Bankruptcy Case, the Debtors have filed seven separate Motions to Reject Commercial Real Property Leases. The Lease is not subject to any of the lease rejection Motions.

7. Mattress Firm has failed to pay rents as required by the Lease.

8. Despite its failure to pay rents, Debtor remains in possession of the Premises.

## OBJECTION TO CONFIRMATION OF THE PLAN

9. With respect to the Lease, the Plan is deficient in two regards and therefore cannot be confirmed.

10. First, the Debtors must, prior to confirmation of the Plan, designate their intention with respect to the Lease.

11. Robford, cannot determine how it intends to proceed with respect to Plan confirmation issues without knowing the Debtors' intention with respect to the Lease.

12. Accordingly, the Debtors should designate in the Plan or take such other action as is necessary to indicate their intention with respect to the Lease.

13. Second, the Plan at Article VI, Paragraph A, provides with respect to any assumed leases that "defaults under Assumed Contract and Assumed Lease will be cured by being Reinstated, and all Claims under any Assumed Contract or Assumed Lease shall be paid by the Reorganized

Debtors on the Effective Date or <u>as soon as reasonably practicable thereafter</u>." *See* the Plan at page 27 (emphasis added).

    14.    Bankruptcy Code § 365(b)(1) provides:

> **(1)** If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
> **(A)** cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
> **(B)** compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> **(C)** provides adequate assurance of future performance under such contract or lease.

    15.    The Plan provides an indefinite amount of time to pay any cure obligation under Bankruptcy Code § 365(b)(1), as is evident from the underlined language in the above paragraph 13 of this Objection.

    16.    Such is contrary to the mandates of Bankruptcy Code § 365(b)(1). Accordingly, the Plan cannot be confirmed until it comes into compliance with Bankruptcy Code § 365(b)(1). <u>In re Kiwi Intern. Air Lines, Inc.</u>, 344 F.3d 311, 318 (3rd Cir. 2003) (holding "the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement."); <u>In re Filene's Basement, LLC</u>, 2014 WL 1713416, *12 (Bankr. D. Del. April 29, 2014). (Bankruptcy Code § 365(b)(1) requires that the debtors "promptly cure any defaults at the time the lease is assumed"); <u>In re Armstrong World Industries, Inc.</u>, 348 B.R. 136, 162 (Bankr. D. Del. 2006) (Court sets forth that to assume under Code § 365, debtor must

(a) cure all outstanding defaults under the lease, and (b) support the decision to assume by valid business justifications).

WHEREFORE Robford respectfully requests that this Court enter an Order denying confirmation of the Plan and granting such other and further relief as this Court deems just and proper.

DATED: October 31, 2018.                                Respectfully submitted,

By: */s/ Aaron A. Garber*
Aaron A. Garber #36099
Buechler & Garber, LLC
999 18th Street
Suite 1230S
Denver, CO 80202
Telephone: (720) 381-0045
Email: aaron@bandglawoffice.com

Attorneys for The Robford Company, L.L.C.

# CERTIFICATE OF SERVICE

The undersigned certifies that on October 31, 2018, I served by First Class Mail a copy of the **OBJECTION TO CONFIRMATION OF JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION FOR MATTRESS FIRM INC. AND ITS DEBTOR AFFILIATES** on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

| | |
|---|---|
| Mattress Firm, Inc.<br>Attn: Kindel Elam<br>10201 S. Main Street<br>Houston, TX 77025 | Sidley Austin LLP<br>Attn: Bojan Guzina and Matthew E. Linder<br>One South Dearborn<br>Chicago, IL 60603 |
| Young Conaway Stargatt & Taylor, LLP<br>Attn: Edmon L. Morton and Ashley E. Jacobs<br>1000 North King Street<br>Wilmington, DE 19801 | Office of the United States Trustee<br>Attn: Linda Richenderfer<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 |
| Paul Hasting LLP<br>Attn: Andrew V. Tenzer and Michael E. Comerford<br>MetLife Building<br>200 Park Avenue<br>New York, NY 10166 | Richards, Layton & Finger, P.A.<br>Attn: Mark D. Collins and Jason M. Madron<br>Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 |
| Morgan Lewis & Bockius LLP<br>Attn: Marc R. Leduc<br>One Federal Street<br>Boston, MA 02110 | Linklaters LLP<br>Attn: Amy Edgy<br>601 13th Street NW #400<br>Washington, DC 20005 |
| Linklaters LLP<br>Attn: Christopher Hunker<br>1345 6th Avenue<br>New York, NY 10105 | Latham & Watkins LLP<br>Attn: Adam Goldberg<br>885 Third Avenue<br>New York, NY 10022 |
| Ashby & Geddes, P.A.<br>Attn: William Bowden<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801 | |

                                                       */s/ Nichole Garber*
                                                       For Buechler & Garber, LLC