## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CHAPTER 11** |
| **MATTRESS FIRM , INC.,** | ) | |
| **Debtor,** | ) | **CASE NUMBER 18-12241-CSS** |
| | ) | |

### PETITION FOR RELIEF FROM AND LIFTING OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362

**COME NOW ISAAC JENKS** (hereinafter "Petitioner") and files this, his Petition for Relief From and Lifting of the Automatic Stay of his underlying liability claims and in support thereof show:

1.

Petitioner brought, and has pending, a claim for personal injuries against the above Debtor.

2.

Petitioner sustained severe injuries after being run over by a commercial motor vehicle operated by Debtor on August 6, 2018, Debtor was placed on notice of such claim by and through the service of the lawsuit on July 11, 2017.  Isaac Jenks received the Suggestion of Bankruptcy on October 6, 2018.

1

3.

Debtor's defense costs and liabilities are covered up to $1 million in the liability action filed in the State Court of Fulton County State of Georgia now captioned <u>Isaac Jenks v. Jamal Alexander Chavous, Cordell & Asscoiates, Inc. and Mattress Firm, Inc.</u>, Civil Action Number **17EV003254** (hereinafter Underlying Civil Action) by a policy of liability insurance issued by Zurich American Insurance Company, which was produced by Mattress Firm, Inc. in the Underlying Civil action as  a policy that may provide coverage for the Petitioner's injuries and damages.  Applicable declaration pages are attached hereto as <u>Exhibit A</u>.

4.

The debtor is a commercial motor carrier operating interstate under US OT No. 934103 (*See*, <u>Exhibit B</u> attached hereto) and also under USDOT No. 935583 (*See*, <u>Exhibit C</u> attached hereto). In the Petitioner's Underlying Civil Action, Petitioner claims allege that Mattress Firm, Inc. was acting as the motor carrier that caused injuries to Petitioner.   As such, all motor vehicle liability policies of insurance covering Mattress Firm, Inc. may might also provide insurance coverage of the Petitioner's claimed injuries and damages.  Prior to the automotive stay, Petitioner was in the process of discovering the details of these policies in his underlying civil action.  Plaintiff believes that these additional policies of liability

insurance do exist, because a motor carrier cannot operate without having the same in place, and that such polices will provide insurance coverage to compensate the Petitioner for his alleged injuries and damages for the claims asserted by Petitioner in his Underlying Civil Action.

5.

Pursuant to 28 U.S.C. Section 157 (b)(2)(B), this Court does not have jurisdiction to liquidate the Petitioner's Underlying Civil Action.

6.

For the reasons and under the authority set forth below, Petitioner seeks relief from the automatic stay provisions imposed by 11 U.S.C. § 362 in order to pursue his claims for personal injuries and economic damages in the above described civil action.  Petitioner seeks relief from the stay as to the debtor limited to the extent that the insurance covers Debtor's liability to Petitioner.  Petitioner intends to seek any amount in excess of the liability coverage from co-defendants.

## ARGUMENT AND CITATION OF AUTHORITY

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of the "commencement or continuation" of all non-bankruptcy judicial proceedings against the debtor.[1]  This stay is automatic and

---

[1]    11 U.S.C. § 362(a)(1).

"springs into being immediately upon the filing of a bankruptcy petition." <u>Soares v. Brockton Credit Union (In re Soares),</u> 107 F.3d 969, 975 (1st Cir.1997).

However, the Bankruptcy Code also empowers bankruptcy courts to take measures that grant relief from the automatic stay, including "terminating, annulling, modifying, or conditioning" the stay, under certain circumstances. 11 U.S.C. § 362(d). As one Court stated, "bankruptcy courts have the plastic powers to modify or condition an automatic stay so as to fashion the appropriate scope of relief." <u>Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc</u>. 157 F.3d 169, 172 (2nd Cir. 1998). This would include situations where the debtor has insurance to cover the claim at issue.[2]

Petitioner seeks relief from the automatic stay in order to permit him to continue his claims against the Debtor only to the extent of available insurance coverage.  Petitioner is aware of at least one policy of insurance that provides coverage for the defense and any judgment obtained by Petitioner up to $1 million. See <u>Exhibit A.</u>

---

[2]    The Eleventh Circuit has even recognized that a discharge injunction under section 524 does not preclude the determination of a debtor's liability for the purpose of recovery from an insurer. *See e.g.,*  <u>In re Jet Florida Systems, Inc.</u>, 883 F.2d 970 (11th Cir.1989).

Petitioner seeks relief from the stay limited to the extent that available insurance covers Debtor's defense and liability.  Therefore, other creditors would not be harmed.  See e.g., <u>Matter of New Era, Inc</u>., 135 F.3d 1206, 1208 (7th Cir. 1998); <u>Fleck v. KDI Sylvan Pools, Inc</u>.  981 F.2d 107, 112 (3rd Cir. 1992) (petition granted but limited solely to the proceeds of the applicable insurance of the Debtor/Defendant).  Accordingly, Petitioner hereby requests that the automatic stay provisions imposed by 11 U.S.C. § 362 be lifted to enable Petitioner to proceed with his insurance claim to the extent of the Debtor's available insurance coverage.  A proposed Consent Order is made apart of this Motion.

Respectfully submitted, this 5th day of November 2018.

FRIED ROGERS GOLDBERG LLC

*/s/ R. Sean McEvoy*
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326-4275
P: 404-591-1800
F: 404-591-1801
sean@frg-law.com

## CERTIFICATE OF COMPLIANCE AND SERVICE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court.  This document has been prepared in Times New Roman font, 14 point, doubled-spaced, with a top margin of not less than 1.5 inches and left and right margins of not less than 1 inch. Service shall be made through the Court's electronic ECF /PACER system.

Respectfully submitted this 5th day of November 2018.

FRIED ROGERS GOLDBERG LLC

*/s/ R. Sean McEvoy*
JOSEPH A. FRIED
GEORGIA STATE BAR NUMBER 277251
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326-4275
P: 404-591-1800
F: 404-591-1801
sean@frg-law.com

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 11** |
| **MATTRESS FIRM , INC.,** | ) | |
| Debtor, | ) | **CASE NUMBER 18-12241-CSS** |
| | ) | |

## PETITION FOR RELIEF FROM AND LIFTING OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362

## ORDER

Isaac Jenks, a creditor in the above-captioned case, having moved Court for an Order Modifying the Automatic Stay under 11 U.S.C. Section 362, and it appearing that Movant will suffer irreparable injury, loss and damage if he is not permitted to pursue her proper remedies through the State Court of Fulton County State of Georgia civil action; and

It appearing that the Bankruptcy Trustee has consented that Movant be relieved from the Automatic Stay to allow Movant to proceed in the Superior Court with her medical malpractice and wrongful death case solely to the extent of any applicable insurance coverage;

IT IS HEREBY ORDERED AND ADJUDGED that Movant is hereby relieved from the provisions of the Automatic Stay to proceed in the State Court of

Fulton County State of Georgia with his civil action personal injury claims against Debtor, Civil Action File No Civil Action Number 17EV003254, solely to the extent of any applicable insurance coverage.

SO ORDERED, this _____ day of _____, _____.

_____
JUDGE, U.S. Bankruptcy Court

ORDER PREPARED BY:

_____
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918

FRIED ROGERS GOLDBERG LLC
THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326-4275
P: 404-591-1800
F: 404-591-1801
sean@frg-law.com