**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MATTRESS FIRM, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12241 (CSS)<br>(Jointly Administered)<br><br>**Objection Deadline: November 7, 2018 at 4:00 pm**<br>**Hearing Date: November 16, 2018 at 9:30 a.m.**<br><br>**D.I. Ref. 22** |

**LIMITED OBJECTION OF MARKET TOWN CENTER OWNER, LLC, NORTH CHARLESTON I, LP, THE PRADO, LLC, SEMINOLE MALL LP, 5325 WINDWARD PARKWAY LLC, WB HOLDINGS DEERFIELD PLACE LLC, SF ZEPHYR COMMONS, LP, AND EDGEWOOD RETAIL LLC TO CONFIRMATION OF THE DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION AND JOINDER IN OBJECTIONS FILED BY OTHER LANDLORDS**

Market Town Center Owner, LLC, North Charleston I, LP, The Prado, LLC, Seminole Mall LP, 5325 Windward Parkway LLC, WB Holdings Deerfield Place LLC, SF Zephyr Commons, LP, and Edgewood Retail LLC (collectively, the "Landlords") by and through their undersigned counsel, hereby files this limited objection (the "Objection") to the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization (the "Plan") [D.I 22] and joins in objections to the Plan filed by landlords. In support of this Objection, the Landlords state as follows:

**JURISDICTION**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND**

2. The Landlords are each parties to leases by and through which one of the above-captioned debtors leases nonresidential real property (each, a "Lease").

3. As of the date of this Objection, the Debtors have not yet advised substantially all of Landlords of their intentions with respect to the Lease and the Premises. Rather than complying with the requirements of the Bankruptcy Code and advising the Landlords whether the Lease will be assumed or rejected by confirmation of the Plan, the Debtors propose that they may continue to reject leases up until the Effective Date of the Plan, meaning that the debtors could continue to reject leases after confirmation. The Landlords objects to the Plan to the extent that it does not comply with the Bankruptcy Code, and propose that the Debtors make an irrevocable determination with respect to the Lease by the date of confirmation of the Plan in accordance with the Bankruptcy Code.

4. Leases that are assumed pursuant to the Plan are subject to the following cure treatment:

> Except as otherwise provided in the following sentence, defaults under Assumed Contracts and Assumed Leases will be cured by being Reinstated, and all Claims under any Assumed Contract or Assumed Lease shall be paid by the Reorganized Debtors on the Effective Date or as soon as reasonably practicable thereafter. In the event of a dispute as to the amount necessary to satisfy any Claim under section 365(b)(1) of the Bankruptcy Code, such Claim shall be paid upon the later of (i) a settlement of such dispute between the Reorganized Debtors and the relevant Holder and (ii) entry of a Final Order resolving such dispute; provided, however, that if a counterparty's objection to the amount necessary to satisfy a Claim under section 365(b)(1) of the Bankruptcy Code is sustained, the Reorganized Debtors may elect, in their discretion, to reject such Executory Contract or Unexpired Lease in lieu of assuming such Executory Contract or Unexpired Lease.

Plan at Art. VI.A.

5. Bankruptcy Code § 365(b)(1) provides:

> (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee— (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is

> impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph; (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

6. The Plan provides an indefinite amount of time to pay any cure obligation under Bankruptcy Code § 365(b)(1), as is evident from the underlined language in the above paragraph of this Objection. Accordingly, the Plan cannot be confirmed until it comes into compliance with Bankruptcy Code § 365(b)(1). See, e.g., In re Kiwi Intern. Air Lines, Inc., 344 F.3d 311, 318 (3rd Cir. 2003) (holding "the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement."); In re Filene's Basement, LLC, 2014 WL 1713416, *12 (Bankr. D. Del. April 29, 2014). (Bankruptcy Code § 365(b)(1) requires that the debtors "promptly cure any defaults at the time the lease is assumed"); In re Armstrong World Industries, Inc., 348 B.R. 136, 162 (Bankr. D. Del. 2006) (Court sets forth that to assume under Code § 365, debtor must (a) cure all outstanding defaults under the lease, and (b) support the decision to assume by valid business justifications).

## BASIS FOR OBJECTION

7. The Landlords object to the Plan provisions relating to assumption of the Leases to the extent any order approving the assumption of the Leases, including the Confirmation Order, fails to require that the Debtors cure, or provide adequate assurance to the prompt cure, of all liquidated and unliquidated defaults under the Leases.

8. The Plan in its present form provides that the Assumed Leases will be cured on the Effective Date, or at a later undefined time, "as soon as reasonably practicable thereafter."

See Plan at Art. VI.A. Any order approving the assumption of the Leases, including the Confirmation Order, should make clear that, unless otherwise agreed between Landlords and Debtors, all liquidated cure amounts must be paid on or prior to the Effective Date.

9. Additionally, as set forth in the Landlords' Cure Objections, the Landlords are entitled to all actual pecuniary losses under §365(b)(1)(B) including, but not limited to, attorney's fees and costs expended in regard to Debtors' bankruptcy proceedings. Likewise, any additional fees, charges, adjustments, or reconciliations for taxes and other charges that may become due under the Leases during the time period between the submission of Landlord's Cure Objection and the effective date of the assumption of the Leases should be cured prior to the assumption of the Leases.

10. In order to assume the Leases, at the time of assumption Debtors are required to cure or provide adequate assurance of the prompt cure of all monetary and nonmonetary defaults under the Leases, such as those mentioned in the Cure objection, including, but not limited to: (i) any adjustments or reconciliations in respect to common area maintenance, insurance, taxes, and other charges and expenses that become due under the Leases; (ii) any percentage rent that becomes due under the Leases; (iii) any and all property taxes that become or are due and payable under the Leases; (iv) any maintenance, replacement, and repair obligations; (v) any and all defaults with respect to insurance requirements under the Leases; (vi) the satisfaction of liens; (vii) compliance with applicable nonbankruptcy law; and (viii) indemnification obligations that become due under the Leases but may not become known until after the assumption of the Leases.

**RESERVATION OF RIGHTS**

11. The Landlords expressly reserve all applicable rights under the Leases with respect to any and all obligations of the Debtors. The Landlords further reserve all rights to raise

further objections, as necessary or appropriate under the circumstances, including to join in all objections of other landlords, to the extent not inconsistent with this objection.

WHEREFORE, Landlord requests that any Order confirming the Plan (i) require that the Debtor determine immediately whether it will assume or reject Landlord's Lease, and, if assumed, immediately pay any cure amount and (ii) grant Landlord such other and further relief as this Court deems just and appropriate.

Dated: November 7, 2018

**MORRIS JAMES LLP**

/s/ Jeffrey R. Waxman ______
Jeffrey R. Waxman (No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE 1980
Telephone: (302) 888-5842
Facsimile: (302) 504-3942

-and-

Samantha L. Tzoberi (GA Bar No. 140809)
Kitchens Kelley Gaynes, P.C.
Glenridge Highlands One
5555 Glenridge Connector, Suite 800
Atlanta, Georgia 30342
Telephone: 404-467-2283
Facsimile: 404-364-0126

Counsel for Market Town Center Owner, LLC, North Charleston I, LP, The Prado, LLC, Seminole Mall LP, 5325 Windward Parkway LLC, WB Holdings Deerfield Place LLC, SF Zephyr Commons, LP, and Edgewood Retail LLC