# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | **CHAPTER 11** |
| MATTRESS FIRM, INC., et al., ) | |
| Debtors, ) | **CASE NUMBER 18-12241-CSS** |
| ) | JOINTLY ADMINISTERED |
| ) | Hearing Date: 12 noon on 11/27/2018 |
| ) | Judge C.J. Christopher S. Sontchi |
| ) | |

## FIRST SUPPLEMENTAL PETITION FOR RELIEF FROM AND LIFTING OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362

To the Honorable United States Bankruptcy Judge:

**COME NOW ISAAC JENKS** (hereinafter "Petitioner") pursuant to 11 U.S.C. § 362(d), creditor and party in interest in this Chapter 11 case, files this Motion requesting that the automatic stay be modified to allow certain claims against Mattress Firm, Inc. ("Debtor") to be litigated in a state court proceeding involving the Debtor and other non-debtor parties. Petitioner shows the following:

### A. Jurisdiction and Venue

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue of this contested matter is proper in this Court Pursuant to 28 U.S.C. § 1409

1

2.

Although the underlying New York County, a New York civil lawsuit is not a core proceeding, this Motion to lift stay is a core proceeding under U.S.C. § 157.

**B. Introduction**

3.

Petitioner brought, and has pending, a claim for personal injuries against the above Debtor.

4.

Petitioner sustained severe injuries after being run over by a commercial motor vehicle allegedly operated by Debtor on August 6, 2018. Debtor was placed on notice of such claim by and through the service of the lawsuit on July 11, 2017.

5.

Petitioner's civil action was filed and is pending in the State Court of Fulton County State of Georgia now captioned <u>Isaac Jenks v. Jamal Alexander Chavous, Cordell & Associates, Inc. and Mattress Firm, Inc.</u>, Civil Action Number **<u>17EV003254</u>** (hereinafter Underlying State Court Civil Action).

6.

Debtor's defense costs and liabilities are covered by an initial primary layer of insurance coverage in the amount of one million dollars with excess layers of additional liability insurance coverage available on top of the primary one million

of coverage. The above primary and excess layers of liability insurance were issued by Zurich American Insurance Company. The applicable declaration pages were previously filed with this Court. [Doc. 663, at Exhibit A].

7.

The debtor is a commercial motor carrier operating interstate under US OT No. 934103 and also under USDOT No. 935583). [Doc. 663, at Exhibits B and C]. In the Petitioner's Underlying Civil Action, Petitioner claims allege that Mattress Firm, Inc. was acting as the motor carrier that caused injuries to Petitioner. As such, additional motor vehicle liability policies of insurance covering Mattress Firm, Inc. should also exist, which would provide insurance coverage for Petitioner's claimed injuries and damages. Prior to the automotive stay, Petitioner was in the process of discovering the details of these policies in his underlying civil action. Plaintiff believes that these additional policies of liability insurance do exist, because a motor carrier cannot operate without having the same in place, and that such polices will provide insurance coverage to compensate the Petitioner for his alleged injuries and damages for the claims asserted by Petitioner in his Underlying Civil Action.

8.

As a result of Debtor's Voluntary Petition under Chapter 11 of the Bankruptcy Code and the application of 11 U.S.C. § 362(a), Petitioner is prohibited from pursuing his claims for personal injuries action against Debtor in the Underlying State Court Civil Action, absent Order from this Court lifting such stay.

### C. Relief Requested

9.

Under section 362(d)(1) of the Bankruptcy Code, the court may grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). "Cause is determined on a case by case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990). Although the term "cause" is not defined, the legislative history to this section indicates that cause includes "a desire to permit an action to proceed in another tribunal." H.R. Rep.No. 595, 95th Cong., 1st Sess. 343 (1977). Relief from the automatic stay has been granted to allow a creditor to obtain a judgment against a debtor in name only in order to recover from the debtor's insurer. *International Business Machines v. Fernstrom & Van Co. (In re Fernstrom & Van Co.)*, 938 F.2d 731 (7th Cir. 1991).

### D. Action to Recover Insurance Proceeds

10.

Courts often modify the automatic stay to allow a debtor to obtain a judgment and collect from a debtor's insurer, without prejudicing the debtor's estate. *Id; See matter of Holtkamp*, 699 F.2d 505, 508-09 (7th Cir. 1982) (allowing a personal injury action to proceed since there was no harm to the debtor because the debtor's insurance company had "assumed full financial responsibility for defendant that litigation"); *Foust v. Munson S. S. Lines*, 299 U.S. 77, 87, 57 S. Ct. 90, 95(1936) (allowing wrongful death action against bankrupt defendant to proceed despite stay; plaintiff "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy"). The rationale behind such modification is as follows:

> When the Court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from stay to permit an action either against the debtor, if necessary, or against the insurer. Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover

under the policy. Moreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate.

3 Collier on Bankruptcy ¶362.07[3][a][I] (Lawrence P. King, ed., 15th Ed. Revised 1999).

11.

Given the existence of the liability insurance coverage to Debtor as described herein, it is believed the Underlying State Civil Action could be defended at no expense to the Debtors. Therefore, the continuation of the personal injury case will not hinder, burden, delay or be inconsistent with Debtor's Chapter 11 reorganization.

### E. Continuation of Action

12.

Courts often modify the automatic stay to allow civil action against debtors to continue in their original forums. *See, e.g., Tucson Estates*, F.2d at 1166-1170 (9th Cir. 1990) (overturning the re-imposition of a stay by the bankruptcy court as an abuse of discretion and allowing a state court proceeding to continue to judgment and to liquidate the creditors/shareholders' claims).

13.

In determining whether cause exists to lift the stay, courts apply a three-pronged balancing test which focuses on: (a) the possible prejudice to the estate, (b) the hardship imposed upon the party in interest if the stay remains in place, and (c) whether the Movant has a likelihood of prevailing in the underlying litigation. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993); In re Piperi, 133 B.R. 846, 849 (Bankr. S.D. Tex. 1990); *In re Pro Football Weekly*, 60 B.R. 824, 826 (ND. Ill, 1986); *In re Bock Laundry Machine*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).

**(a) <u>No Prejudice to the Estate.</u>**

As Congress stated in discussing its intent in providing relief from the automatic stay:

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*In re Honosky*, 6 B.R. 667, 669 (D.C.S.D. W. Va. 1980), citing S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in [1978] U.S. Code Cong. & Ad. News 5836. Under these considerations, stay relief is appropriate in this matter.

Petitioner seeks to modify the stay solely to allow his Underlying State Civil Action seeking compensation for personal injuries to proceed for purposes of allowing Movant to recover from Debtor's insurer the amounts available under all existing policies of liability insurance that may provide coverage for petitioner's claims.

Further, the resolution of the Petitioner's Underlying State Civil Action will allow the claim filed by Petitioner to be liquidated. *See In re Peterson*, 116 B.R. 247, 250 (D. Cob. 1990) (stay should be lifted if Movant is simply seeking to establish the fact and amount of Debtors' liability). As a result, lifting the stay will not prejudice the Debtors or their Chapter 11 estate but may actually benefit the Estate by liquidating Petitioner's claims.

**(b)  Petitioner Will Suffer Hardship if Stay Remains in Place.**

Petitioner filed his Underlying State Civil Action seeking compensation for personal injuries against Debtor on July 10, 2017. Mattress Firm, Inc. was served with process on July 11, 2017. During the past fifteen or so months, the Petitioner has expended a great deal of time and expense on conducting discovery and prosecuting the Underlying State Court Civil Action. If the stay remains in place, Petitioner will be forced to unnecessarily delay the prosecution of his claim. *In re Curtis*, 40 B.R. 795, 800, 805-806 (Bankr. CD. Utah 1984)(noting that the interest

of judicial economy, and the expeditions and economical determination of litigation for the parties are factors to be considered when deciding whether stay should be lifted).

### (c) Petitioner's Claims are not Frivolous

The final prong of this analysis requires just a minimal showing that the Petitioner's claims are not "frivolous." *Id.* Even slight probability of success on the merits may be sufficient to support the lifting of the automatic stay for cause in appropriate cases. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993). The basis of the Underlying State Court Civil Action is one in tort seeking compensation for personal injuries allegedly caused by the Debtor and/or its agents. The Debtor has not filed any motions seeking to dismiss the case or seeking a summary judgement.

14.

Petitioner has made all of the requisite showings to allowing him to assert his claims against the Debtors in the Underlying State Court Civil Action. The stay should be modified to allow Movant to continue to pursue his claims against the Debtor in the Underlying State Court Civil Action.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the stay afforded by 11 U.S.C. § 362 be modified so as to permit Movant to continue the Underlying State Court Civil Action now pending in State Court of Fulton County State of Georgia now captioned *Isaac Jenks v. Jamal Alexander Chavous, Cordell & Associates, Inc. and Mattress Firm, Inc.*, Civil Action Number 17EV003254.

A proposed Consent Order is made apart of this Motion.

Respectfully submitted, this 13th day of November 2018.

                                            **FRIED ROGERS GOLDBERG LLC**

                                            */s/ R. Sean McEvoy*
                                            R. SEAN MCEVOY
                                            GEORGIA STATE BAR NUMBER 490918

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326-4275
P: 404-591-1800
F: 404-591-1801
sean@frg-law.com

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) |
| | )     **CHAPTER 11** |
| **MATTRESS FIRM, INC., et al,** | ) |
|     Debtors, | )     **CASE NUMBER 18-12241-CSS** |
| | )     JOINTLY ADMINISTERED |
| | )     Hearing Date: 12 noon on 11/27/2018 |
| | )     Judge: C.J. Christopher S. Sontchi |
| | ) |

## ORDER VACATING STAY

Isaac Jenks, a creditor in the above-captioned case, having moved Court for an Order Modifying the Automatic Stay under 11 U.S.C. Section 362, and the Court having reviewed the papers submitted and good cause having been made; it is therefore ORDERED on this date _____, that the automatic stay be and is hereby modified to allow Isaac Jenks to prosecute claims against Mattress Firm, Inc. ("Debtor") in the State Court of Fulton County State of Georgia where his civil action personal injury claims against Debtor and other non-debtors are pending in Civil Action File Number 17EV003254.  Isaac Jenks is not permitted to execute any judgment against Debtor beyond the policy limits of all liability insurance covering the Debtor; and therefore, it is FURTHER ORDERED that the automatic stay remains in effect in all other respects, but without prejudice to the rights of Isaac Jenks to file an unsecured proof of claim in this bankruptcy case; and it is

FURTHER ORDERED that a copy of this Order be served upon all parties in this matter within _____ days of this Order.

  SO ORDERED, this \_\_\_\_ day of _____, 2018.

             _____
             Chief Judge, Christopher S. Sontchi
             U.S. Bankruptcy Court

ORDER PREPARED BY:

_____
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918

FRIED ROGERS GOLDBERG LLC
THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326-4275
P: 404-591-1800
F: 404-591-1801
sean@frg-law.com